## Case No. 21-15355

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

⎯⎯⎯⎯⎯ • ⎯⎯⎯⎯⎯

RENALDO NAVARRO,

*Plaintiff-Appellant,*

v.

MENZIES AVIATION, INC., d/b/a Menzies,

*Defendant-Appellee.*

_____

*Appeal from a Decision of the United States District Court for the Northern District of California,*
*Case No. 3:19-cv-08157-VC · The Honorable Vince Chhabria, District Judge*

# EXCERPTS OF RECORD
# VOLUME IV OF IV – Pages 575 to 663

ARLO G. URIARTE
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, California 94110
(415) 695-1000 Telephone
(415) 695-1006 Facsimile
arlo@liberationlawgroup.com

*Attorneys for Appellant,*
*Renaldo Navarro*



COUNSEL PRESS · (213) 680-2300          PRINTED ON RECYCLED PAPER



*Exhibit*

*42*

000109

1          IN THE UNITED STATES DISTRICT COURT

2       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5   RENALDO NAVARRO,

6               Plaintiff,

7   v.                              No.  3:19-CV-8157

8   MENZIES AVIATION, INC.,
    doing business as MENZIES
9   and DOES 1 through 10,
    inclusive,
10
                Defendants.
11   _____/

12  Zoom Remote Deposition of

13      JOHN QUALLY

14   Monday, July 27, 2020

15         Volume I

16   (Pages 1 through 32)

17      **CERTIFIED COPY**

18

19

20

21  REPORTED BY:  CINDY TUGAW, CSR #4805

22

23

24         NOGARA REPORTING SERVICE
           5 Third Street, Suite 415
           San Francisco, California 94103
25              (415) 398-1889

577

 1        Q.  Okay.  All right.  So let's see.  So you

 2   said -- when you started with ASIG -- and is that the

 3   right way to call it, ASIG, by the way, A-S-I-G, ASIG?

 4   Do you guys say that, ASIG?

 5        A.  Yes.

 6        Q.  When you started with ASIG, what was your

 7   position with them?

 8        A.  Supervisor.

 9        Q.  Can you tell me what the duties of a

10   supervisor would be?

11        A.  The duties are basically overseeing of the --

12   overseeing and assigning the flights to the fuelers and

13   making communication with the airlines on -- as we go

14   through the day.

15        Q.  And by 2018, how many fuelers were assigned to

16   a supervisor?  Do you remember?

17        A.  It could -- I guess it varies by shift.

18        Q.  I see.  What would be the range, like would

19   you say between three and ten, or was there like a

20   range?

21        A.  I guess it depends on the shift.  Some shifts

22   had upwards of 12 to 15.  Some shifts had anywhere from

23   three to four.

24        Q.  Gotcha.  And the interesting -- or the date

25   most interesting for us is August of 2018 because

1    supervisors with regards to how they work with fuelers,

2    right?  You said earlier that you would -- one of the

3    duties would be to assign flights to the fuelers for

4    the shift, right?

5        A.  Yes.

6        Q.  That's one of the duties.  What other duties

7    do supervisors have?

8        A.  They -- besides assigning the flights, they

9    are obviously in communication with airlines as needed.

10   They're overseeing the safety of the operation, making

11   sure that, you know, everything is going safely.

12       Q.  Okay.  So is it the supervisor that's actually

13   on the headphone with the plane during the fueling

14   operation, or with the airline?

15       A.  No.

16       Q.  No?  That could be any of the fuelers?

17       A.  Well, the fuelers don't communicate with the

18   flight crew.  They communicate with the airline

19   representative.

20       Q.  Gotcha.  Okay.  And who is that?  Is that the

21   fueler or is that the supervisor?

22       A.  Sometimes both.  But, in general, when you're

23   actually fueling, it would be more so the fueler than

24   the supervisor.

25       Q.  Okay.  Are supervisors sometimes -- like do

000112

579

DEPOSITION OF JOHN QUALLY  7/27/2020

1    they sometimes help with the fueling operation, like

2    they go to the actual airplane and help with the

3    fueling of the airplane?  Do they sometimes do that?

4         A.  They sometimes, yes.

5         Q.  And earlier you said they make sure -- they

6    ensure the safety of the operation.  How are

7    supervisors keyed to that?  How are supervisors

8    important in the safety of the operation?

9              Do you understand the question, Mr. Qually?

10        A.  Yeah.  No, they're just -- they're there to,

11   you know, ensure the fuelers are working safely.  If

12   there's any safety concerns, they do what they can to

13   resolve them, whether it be on the fueler's end or the

14   equipment end, you know.  They help do whatever needs

15   to be done to keep everything safe.

16        Q.  Gotcha.  And what kinds of situations

17   sometimes come up when it comes to the safety?  Can you

18   give us an example of safety concerns that sometimes

19   come up?

20        A.  Sometimes a fueler is not following proper

21   procedures on the fueler's end, equipment not working

22   right.  So they may have an issue with the equipment.

23        Q.  So is it safe to say then that the supervisors

24   are kind of overseeing each one of these fueling

25   operations with regards to the airplane?

000113

580

```
 1        A.  Yes.
 2        Q.  Okay.  And then what other duties do
 3   supervisors have with regards to the fuelers?
 4        A.  Basically, you know, for operational purposes,
 5   it's making sure that the flights are getting done, the
 6   fuelers are getting to the flights when they're
 7   supposed to, you know, addressing whatever issues may
 8   come up.
 9        Q.  What about giving breaks, for example, like
10   timing the breaks, when people can go for meal periods,
11   when people can go for their ten-minute breaks, is that
12   the supervisor's duties?
13        A.  Yes.
14        MR. WU:  Objection.  Relevance.
15        MR. URIARTE:  Q.  And then what about clocking in
16   and clocking out, do the supervisors have any duties
17   with regards to that?
18        MR. WU:  Same objection.
19        THE WITNESS:  No.
20        MR. URIARTE:  Q.  Like if there are issues with
21   regards to they forgot to clock out or, oh, they forgot
22   to clock in, something like that, is that the
23   supervisor's duty or is that somebody else's?
24        MR. WU:  Same objection.
25        MR. URIARTE:  Q.  Mr. Qually?
```

DEPOSITION OF JOHN QUALLY - 07/27/2020

1      A.  No.

2      Q.  So who's responsible for like fixing clock-ins

3  and clock-outs?

4      MR. WU:  Same objection.

5      THE WITNESS:  The fueler.

6      MR. URIARTE:  Q.  I'm sorry?

7      A.  The fueler.

8      Q.  The fueler?

9      A.  Whoever did not clock in or out.

10     Q.  And then who does the fueler have to talk to

11 with regards to that?

12     A.  They would usually come to us as the manager

13 or go straight to payroll.

14     Q.  Gotcha.

15     MR. WU:  And, Arlo, can we assume I'm asserting

16 the same objections for this line of questioning just

17 to keep things flowing?

18     MR. URIARTE:  Sure.

19     MR. WU:  Thank you.

20     MR. URIARTE:  Q.  How does the supervisor avoid

21 causing delays in these fuelings -- delays to the

22 airlines, right?  I hear that sometimes the fueling

23 operation is what causes the delay, right?  Can that

24 happen, Mr. Qually?

25     A.  It can.

000115

582

1      Q.  And what happens?  Why are delays caused by

2   the fueling operation?  Why does that happen?

3      A.  Many different factors involved.  It could be

4   the way the flights were set up for the fueler.  It

5   could be an equipment issue.  It varies depending on

6   the situation.  I mean, there's no set reason for that.

7      Q.  Is that something that the supervisors try to

8   avoid as part of their duties, they try to avoid any

9   delays?

10     A.  Yes.

11     Q.  And I guess they try to avoid delays by having

12  like the proper number of fuelers working there, right?

13  I mean, you have to be properly staffed in order to

14  avoid delay, correct?

15     A.  That's one, yes.

16     Q.  And then you have to make sure that they have

17  the right equipment, that they're doing things

18  correctly?

19         It looks like we lost -- are you still there?

20     A.  Yeah, hold on just a moment.

21         What was your question again?

22     Q.  Yeah, I guess that goes into what we were

23  talking about earlier, that the supervisors have to

24  make sure that the fuelers are using the right

25  equipment, they're using the right procedures and all

                                            000116

                     583

```
 1     of those kind of things, like assist in avoiding

 2     delays.  Is that correct?

 3          MR. WU:  Objection.  Compound.

 4          MR. URIARTE:  Q.  Mr. Qually?

 5          A.  Yes.

 6          Q.  All right.

 7               (Discussion off the record.)

 8          MR. URIARTE:  Q.  So you had a working

 9     relationship with plaintiff Renaldo Navarro, right?  Is

10     that correct, Mr. Qually?

11          A.  Yes.

12          Q.  Were you social with Mr. Navarro at all?  Did

13     you guys like go to baptisms or Christmases or

14     whatever?

15          A.  No.

16          Q.  Okay.  So you knew him from work only, is that

17     correct?

18          A.  Yes.

19          Q.  You didn't have some sort of social or

20     family-related kind of relationship, right?  Is that

21     correct?

22          A.  No.

23          Q.  And you supervised Mr. Navarro when you were

24     the duty manager and he was the supervisor, is that

25     correct?
```

584

DEPOSITION OF JOHN QUALIY 07/29/2020

1          A.   And it was brought up to the higher-ups.

2          Q.   And who were the higher-ups at that time?

3          A.   Let's see.  Who was it?  Renil was one of

4     them.

5          Q.   Who?

6          A.   Renil Lal.  Because he was the acting GM at

7     the time, so --

8          Q.   Okay.  Anybody else, do you remember?

9          A.   No.

10         Q.   Did anything happen because of the complaints

11    that Andrew Dodge was sleeping?  Do you know what

12    happened to Andrew Dodge?  Was he reprimanded?  Was he

13    written up?

14              Did anything happen because of that?

15         A.   Not that I know of.

16         Q.   Did Mr. Dodge explain to you what happened or

17    did he admit it or anything like that?

18         A.   He did.  He had sleep depravation -- or sleep

19    apnea, sorry.

20         Q.   So he had sleep apnea, and so --

21         A.   According to what I heard, what the

22    explanation was, at times it's easy for a person to

23    fall asleep.

24         Q.   Aside from his -- aside from Mr. Navarro

25    mentioning that Mr. Dodge was sleeping, any other

585

DEPOSITION OF JOHN QUALLY - 07/23/2020

```
 1   STATE OF CALIFORNIA      )
                              )
 2   COUNTY OF SAN FRANCISCO )

 3        I, CINDY TUGAW, a Certified Shorthand Reporter

 4   of the State of California, duly authorized to

 5   administer oaths pursuant to Section 8211 of the

 6   California Code of Civil Procedure, do hereby certify

 7   that

 8                    JOHN QUALLY,

 9   the witness in the foregoing deposition, was by me duly

10   sworn to testify the truth, the whole truth and nothing

11   but the truth in the within-entitled cause; that said

12   testimony of said witness was reported by me, a

13   disinterested person, and was thereafter transcribed

14   under my direction into typewriting and is a true and

15   correct transcription of said proceedings.

16        I further certify that I am not of counsel or

17   attorney for either or any of the parties in the

18   foregoing deposition and caption named, nor in any way

19   interested in the outcome of the cause named in said

20   caption.

21        Dated the 7th day of August, 2020.

22

23

24

25                    CINDY TUGAW
                      CSR No. 4805 (California)
```

<< NOGARA REPORTING SERVICE >>                          31

586

1            IN THE UNITED STATES DISTRICT COURT

2        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    RENALDO NAVARRO,

6              Plaintiff,

7    v.                              No.  3:19-CV-8157

8    MENZIES AVIATION, INC.,
     doing business as MENZIES
9    and DOES 1 through 10,
     inclusive,
10

11              Defendants.
     _____/

12    Zoom Remote Deposition of

13        JOHN QUALLY

14     Tuesday, July 28, 2020

15          Volume II

16      (Pages 33 through 58)

17

     **CERTIFIED COPY**
18

19

20

21

22    REPORTED BY:  CINDY TUGAW, CSR #4805

23

              NOGARA REPORTING SERVICE
24           5 Third Street, Suite 415
          San Francisco, California 94103
25               (415) 398-1889

000120

587

DEPOSITION OF JOHN QUALLY - VOLUME II - 07/28/2020

1    no.

2         Q.  Did you -- like either part of the petition or

3    part of what was happening, or anything like that, did

4    you ever have a discussion with Mr. Dodge with regards

5    to his fuelers and his fuelers maybe not being able to

6    take breaks?  Did you ever engage in such a discussion

7    with him?

8         A.  It probably came up once or twice, yes.

9         Q.  And was this once or twice before the

10   termination of Mr. Navarro?

11        A.  Likely, yes.

12        Q.  And can you tell us what your memory is of

13   that, like, what was that discussion about?

14        A.  Basically fuelers not being able to take a

15   break just by the fact that they were shorthanded or

16   just lots of flights.  Nothing I can remember in

17   general, but those are usually the only things that

18   would prevent that.

19        Q.  Okay.  And what brought up the need to talk to

20   Mr. Andrew Dodge about the breaks and his fuelers?

21   What brought it up to you?  What kind of triggered

22   that?

23        MR. WU:  Objection.  Assumes facts not in

24   evidence.

25        THE WITNESS:  Sometimes a fueler would complain to

1    me, but that's it.

2         MR. URIARTE:   Q.   And did Mr. Dodge have any

3    opinion or did he kind of have his position as to why

4    these breaks were short -- I mean, the breaks weren't

5    happening, or the breaks were late, or anything like

6    that?

7         Did Andrew Dodge try to explain himself as to

8    why those things were happening?

9         MR. WU:   Objection.   Assumes facts not in

10   evidence.

11        THE WITNESS:   Yes.

12        MR. URIARTE:   Q.   And what would he say in those

13   discussions?

14        A.   He gave me the explanation of what happened

15   during the night and why some fuelers weren't able to

16   get a longer break than they did or any break at all.

17   And that's it, you know.

18        We -- there is a policy where, if they don't

19   get a break, they get a missed meal penalty.   So they

20   get paid for their lunch.

21        Q.   Did you ever have a discussion with a Rafael

22   Vasquez about Andrew Dodge?

23        A.   I might have at one point.   I don't recall.

24        Q.   And what do you remember as to that

25   discussion?

000122

589

```
1   STATE OF CALIFORNIA      )
                             )
2   COUNTY OF SAN FRANCISCO  )

3        I, CINDY TUGAW, a Certified Shorthand Reporter

4   of the State of California, duly authorized to

5   administer oaths pursuant to Section 8211 of the

6   California Code of Civil Procedure, do hereby certify

7   that

8                    JOHN QUALLY,

9   the witness in the foregoing deposition, was by me duly

10  sworn to testify the truth, the whole truth and nothing

11  but the truth in the within-entitled cause; that said

12  testimony of said witness was reported by me, a

13  disinterested person, and was thereafter transcribed

14  under my direction into typewriting and is a true and

15  correct transcription of said proceedings.

16       I further certify that I am not of counsel or

17  attorney for either or any of the parties in the

18  foregoing deposition and caption named, nor in any way

19  interested in the outcome of the cause named in said

20  caption.

21       Dated the 7th day of August, 2020.

22

23

24
                         CINDY TUGAW
25                       CSR No. 4805 (California)
```

000123

590

# Exhibit

# 4

000124

591



*Exhibit*

*44*

000126



**MENZIES
AVIATION**

Incorporating **Simplicity USA** and **ASIG**

## APPLICANT DECLARATION FORM

This declaration form is applicable to Menzies Aviation and/or any of its subsidiaries (hereinafter referred to as "The Company").

Please read the below carefully and initial each paragraph.

_____ I hereby certify that I have not knowingly withheld any information that might adversely affect my chances for employment and that the answers given by me are true and correct to the best of my knowledge. I further certify that I, the undersigned applicant, have personally completed this application. I understand that any omission or misstatement of material fact on this application or on any document used to secure employment with the Company shall be grounds for rejection of this application or for immediate discharge if I am employed, regardless of the time elapsed before discovery.

_____ I hereby authorize the Company to thoroughly investigate my references, work record, education, and other matters related to my suitability for employment and, further, authorize the references I have listed to disclose to the company any and all letters, reports, and other information related to my work records, without giving me prior notice of such disclosure. In addition, to the extent permitted by applicable law, I hereby release the Company, my former employers and all other persons, corporations, partnerships, and associations from any and all claims, demands or liabilities arising out of or in any way related to such investigation or disclosure.

_____ I understand that the Company requires the successful completion of a urinalysis for drug testing purposes and / or a blood alcohol test as a condition of employment. By submitting this application for Employment, I hereby consent to either or both of said tests, at the Company's discretion.

_____ I understand that nothing contained in this application, or conveyed during any interview that may be granted, or during my employment, if hired, is intended to create an employment contract between the Company and me. In addition, I understand and agree that if I am employed, unless subject to a collective bargaining agreement, my employment is for no definite or determinable period and may be terminated at any time, with or without prior notice, at the option of either myself or the Company and that no promises or representations contrary to the foregoing are binding on the Company unless made in writing and signed by me and the Company's designated representative.

_____ If, employed by the Company, I agree to abide by my supervisor's reasonable instructions, the work rules and code of conduct, and any other rules and regulations relating to the performance of my job, which I understand is subject to change. The Company and designated representative(s) shall have the maximum discretion permitted by law, in administering, discontinuing, or enhancing any policy, procedure, or benefit plan.

_____ I either have a current driver's license that is not restricted or suspended in any way, or I have fully disclosed to the Company any limitations to or restrictions on my driving privileges.

I acknowledge that I have read and understand the above statements and hereby grant permission to confirm the information supplies on the application by me.

It is the policy of the Company to afford equal opportunity to all employees and applicants for employment without regard to age, race, religion, colour, sex, national origin, marital status or pregnancy, and to afford equal opportunities to disabled veterans, veterans of the Vietnam era, and individuals with a disability, and any other characteristics protected by Federal, State, and local law.

I, Silvano Campos

_____, acknowledge that I have read the above policy.

_____     _____     _____
Employee Signature                 Employee Name (Printed)            Date

MENZIES_000237

will remain in effect for **12 months.** Once expired, it will be retained in the employee file as a documented coaching.

d) **Final Warning –** Is issued when the employee has not demonstrated their ability to correct the behavior. This level will remain in effect for **18 months.** Once an employee has been on a final warning they have been allowed ample opportunity to correct their behavior and clearly have not done so. This is their last and final opportunity for them to comply with all policies and procedures in all four categories. Any infraction no matter how minor while on an active Final Warning may result in termination. Once expired, it will be retained in the employee file as a documented coaching.

Exceptions or deviations from the normal process may occur whenever the Company deems that circumstances warrant that one or more steps in the process be skipped.

I have read and understand the Employee Performance Development Process above, and hereby agree to abide by this policy.

_____
Date

_____                    _____
Employee Signature                          Employee Name (Printed)



MENZIES
AVIATION

## EMPLOYEE ACKNOWLEDGEMENT OF HANDBOOK

This form is applicable to Menzies Aviation and/or any of its subsidiaries (hereinafter referred to as "The Company").

I _____ hereby acknowledge my understanding that a copy of the employee handbook was made available to me for download during the onboarding process. I also have been notified of where to view a copy of the employee handbook. I understand that it is important for me to review the employee handbook because it provides guidelines on the policies, procedures, and programs affecting my employment with this organization. I understand that the Company can, at its sole discretion, modify, eliminate, revise or deviate from the guidelines and information in this handbook as circumstances or situations warrant.

I also understand that any changes by the Company with respect to its policies, procedures, or programs can supersede, modify or eliminate any of the policies, procedures or programs outlined in this handbook. I accept responsibility for familiarizing myself with the information in this handbook and will seek verification or clarification of its terms or guidance where necessary

Furthermore, I acknowledge that this handbook is neither a contract of employment nor a legal document and nothing in the handbook creates an express or implied contract of employment. I understand that I should consult my supervisor or a representative of the Human Resources department if I have any questions that are not answered in this handbook.

I also understand that, unless subject to a collective bargaining agreement, my employment is at-will and can be terminated by me or by the Company for any or no reason, with or without cause or without notice, or the use of progressive discipline, at any time.  This at-will relationship cannot be changed except by a written agreement signed by me and the Executive Vice President, Americas.

_____
Date

_____
Employee Signature

_____
Employee Name (Printed)

## EEO-1 Self-Identification Form

The employer is subject to certain governmental recordkeeping and reporting requirements for the administration of civil rights laws and regulations. In order to comply with these laws, the employer invites employees to voluntarily self-identify their race and ethnicity. Submission of this information is voluntary and refusal to provide it will not subject you to any adverse treatment. The information will be kept confidential and will only be used in accordance with the provisions of applicable laws, executive orders, and regulations, including those that require the information to be summarized and reported to the federal government for civil rights enforcement. When reported, data will not identify any specific individual.

As a sub-contractor, we also comply with government regulations including but not limited to affirmative action responsibilities as required under Executive Order 11246, Section 503 of the Rehabilitation Act of 1973, section 4212 of the Vietnam Era Veterans Readjustment Act of 1974 and Veterans Employment Opportunities Act (VEOA) of 1998.

This data is for periodic government reporting and will be kept in a *Confidential File* separate from the Application for Employment.

(PLEASE PRINT)

Date:_____

Name _____
FIRST              MIDDLE              LAST              _____

Phone _____     Position: _____

Address_____
NUMBER          STREET          CITY          STATE          ZIP CODE

EEO-1 Survey - If you wish to be identified, please sign below and complete the survey or if you wish not to be identified, sign and check the field below

Signature:_____

OR

____ I decline / do not wish to disclose and sign below.

## Continue with EEO-1 Survey:

### Gender Check one:

_____ Male          _____ Female

### Ethnicity:
Are you Hispanic or Latino?

_____No, I am not Hispanic or Latino.

_____ Yes, I am Hispanic or Latino: A person of Cuban, Mexican, Puerto Rican, Central or South American, or other Spanish culture or origin, regardless of race.

*Race – IMPORTANT - Only complete this section if you checked "No, I am not Hispanic or Latino" in the Ethnicity section above:*

MENZIES_000295

**000130**



*A Public Service Agency*

**EMPLOYER PULL NOTICE PROGRAM**

**AUTHORIZATION FOR
RELEASE OF DRIVER RECORD INFORMATION**

I, _____, California Driver License Number; _____
hereby authorize the California Department of Motor Vehicles (DMV) to disclose or otherwise make available, my driving
record, to my employer, _____

COMPANY NAME

I understand that my employer may enroll me in the Employer Pull Notice (EPN) program to receive a driver record report at
least once every twelve (12) months or when any subsequent conviction, failure to appear, accident, driver's license suspension,
revocation, or any other action is taken against my driving privilege during my employment.

I am not driving in a capacity that requires mandatory enrollment in the EPN program pursuant to California Vehicle Code
(CVC) Section 1808.1(k). I understand that enrollment in the EPN program is in an effort to promote driver safety, and that my
driver license report will be released to my employer to determine my eligibility as a licensed driver for my employment.

| EXECUTED AT  CITY | COUNTY | STATE |
|---|---|---|

| DATE | SIGNATURE OF EMPLOYEE |
|---|---|
|  | X |

I, _____, of _____
AUTHORIZED REPRESENTATIVE                        COMPANY NAME

do hereby certify under penalty of perjury under the laws in the State of California, that I am an authorized representative of
this company, that the information entered on this document is true and correct, to the best of my knowledge and that I am
requesting driver record information on the above individual to verify the information as provided by said individual. This
record is to be used by this employer in the normal course of business and as a legitimate business need to verify information
relating to a driving position not mandated pursuant to CVC Section 1808.1. The information received will not be used for any
unlawful purpose. I understand that if I have provided false information, I may be subject to prosecution for perjury (Penal
Code Section 118) and false representation (CVC Section 1808.45). These are punishable by a fine not exceeding five
thousand dollars ($5,000) or by imprisonment in the county jail not exceeding one year, or both fine and imprisonment. I
understand and acknowledge that any failure to maintain confidentiality is both civilly and criminally punishable pursuant to
CVC Sections 1808.45 and 1808.46.

| EXECUTED AT  CITY | COUNTY | STATE |
|---|---|---|

| DATE | SIGNATURE AND TITLE OF AUTHORIZED REPRESENTATIVE |
|---|---|
|  | X |

To obtain a driver record on a prospective employee you may submit an INF 1119 form. To add this driver to the EPN Program
you must submit the applicable forms: INF 1100, INF 1102, INF 1103, INF 1103A form. You may obtain forms at our website
at www.dmv.ca.gov/otherservices, or by calling 916-657-6346.

**THIS FORM MUST BE COMPLETED AND RETAINED AT THE EMPLOYER'S PRINCIPAL PLACE OF BUSINESS *AND*
MADE AVAILABLE UPON REQUEST TO DMV STAFF.**

**DO *NOT* RETURN THIS FORM TO DMV.**

INF 1101 ENGLISH (REV. 9/2009) WWW

MENZIES_000296

**000131**



**MENZIES AVIATION**

Incorporating **Simplicity USA** and **ASIG**

## WORKERS COMPENSATION STATEMENT

This form is applicable to Menzies Aviation and/or any of its subsidiaries (hereinafter referred to as "The Company").

**Workers Compensation**
Menzies Aviation strives to maintain a safe workplace and limit the number of workplace illnesses and injuries. In the event an employee suffers an occupational illness or injury, the employee shall receive compensation in accordance with applicable workers' compensation laws.

**Reporting an Occupational Illness or Injury**
If you become ill or are injured while working on the job, you must report the illness or injury immediately, even if you believe the illness or injury is minor or insignificant. Employees are required to report all illnesses or injuries and will not be subject to any disciplinary actions for reporting. Employees who fail to report an illness or injury may be subject to discipline, which may adversely affect their benefits under the workers compensation laws.
To report an occupational illness or injury, you must do the following:

- Report the illness or injury to your supervisor immediately. Every illness or injury must be reported within 24 hours of occurrence.
- Complete all required incident report forms and submit a written statement.

If an employee suffers a workplace injury, the employee is required to submit to a drug and alcohol test by giving a urine sample within 24 hours of the incident, or immediately if so directed by company management. Employee who refuses to submit to such a test will be subject to termination, which may affect their benefits under workers compensation law.

**Returning to Work**
An employee who is absent due to an occupational illness or injury may not return to work until he or she is physically able to return. Before returning, the employee must present a supervisor with a note signed by his or her treating physician that states the employee may return to work in a full or modified capacity.

I have read and understand the Company's Workers Compensation Statement above.

_____
Date

_____          _____
Employee Signature                                   Employee Name (Printed)

MENZIES_000239

EXCELLENCE FROM TOUCHDOWN TO TAKEOFF
000132

| 09/22/2020 | 25 | **Minute Entry for proceedings held before Judge Vince Chhabria: Further Case Management Conference held via Zoom on 9/22/2020.** |
|---|---|---|
| | | **Most discovery is complete. The parties confirm the date of 11/5/2020 as the last day to hear dispositive motions.** |
| | | **Case Management Statement due by 12/1/2020.**<br>**Further Case Management Conference set for 12/8/2020, 02:00 PM. This proceeding will be held via a Zoom webinar.** |
| | | **Total Time in Court: 2 minutes.**<br>**Court Reporter: Hearing recorded via Zoom Webinar: 2:44 - 2:46.**<br>**Plaintiff Attorney: Arlo Uriarte.**<br>**Defendant Attorney: Christopher Ward.** |
| | | **Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vc** |
| | | **Court Appearances: Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vccrd@cand.uscourts.gov no later than Thursday, December 3, 2020, at 10:00 a.m.** |
| | | **General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.** |
| | | **Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.** |
| | | **Case Management Statement due by 12/1/2020.**<br>**Further Case Management Conference set for 12/8/2020, 02:00 PM.** |
| | | ***(This is a text-only entry generated by the court. The re is no document associated with this entry.)*** **(knm, COURT STAFF) (Date Filed: 9/22/2020) (Entered: 09/23/2020)** |

ARLO GARCIA URIARTE (SBN: 231764)
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006
Email:        arlo@liberationlawgroup.com

Attorneys for Plaintiff
**RENALDO NAVARRO**

CHRISTOPHER WARD, CA Bar No. 238777
SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA  90071
Telephone:     (213)972-4560
Facsimile:     (213)486-0065
Email:         cward@foley.com
               sabarbanel@foley.com

Attorneys for Defendant
**MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 3:19-CV-08157-VC<br><br>[Honorable Vince Chhabria]<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   September 22, 2020<br>Time:  2:00 p.m.<br>Courtroom:  04<br><br>State Court Action Filed:  10/23/19<br>Action Removed:  12/16/19 |

-1-

601

1       The Parties to the above-entitled action jointly submit this JOINT CASE

2  MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern

3  District of California and Civil Local Rule 16-9.

4  1.  **JURISDICTION & SERVICE**

5       The Parties agree that this is an action removed to this Court under U.S.C. § 1332 due to

6  diversity of citizenship of the Parties.  The Parties do not believe that any personal jurisdiction or

7  venue issues exist at this time. No Parties remain to be served.

8  2.  **FACTS**

9       Plaintiff alleges that after he complained to Defendant about a supervisor and signed a

10  petition formally complaining about the supervisor, Defendant suspended him for a week and

11  then terminated his employment. Plaintiff alleges that he signed the petition after having

12  complained about the supervisor sleeping on duty, being unreliable about giving rest and meal

13  periods to fuelers, and being generally unprofessional and unavailable. After Plaintiff signed the

14  petition, Defendant allegedly asked Plaintiff to write a letter explaining why he signed the

15  petition, which Plaintiff believes was unnecessary because his complaints were on record and the

16  petition spoke for itself. Plaintiff alleges that although he was not the only one to sign the

17  petition, he was the only person suspended for signing the petition. Plaintiff alleges that

18  Defendant discriminated against him because he is Filipino by suspending and terminating him.

19  Defendant denies that Plaintiff was terminated because of his race and national origin or in

20  response to any purported protected activity.

21       Plaintiff filed his Complaint in San Francisco County Superior Court on October 22,

22  2019, after receiving a right to sue letter from California Department of Fair Employment and

23  Housing on September 3, 2019. Defendant answered the Complaint and removed the case to this

24  Court on December 16, 2019.

25  3.  **LEGAL ISSUES**

26       Plaintiff alleges four causes of action: 1) discrimination in violation of California

27  Government Code section 12940(a); (2) retaliation in violation of California Government Code

28

602

1  section 12940(h); (3) wrongful termination against public policy in violation of California Labor
2  Code section 1102.5(a)-(b); and (4) intentional infliction of emotional distress.

3        Defendant denies that Plaintiff was terminated because of his race and national origin or
4  in response to his complaints, and Defendant alleges that Plaintiff's causes of action fail as a
5  matter of law.

6  4.  **MOTIONS**

7        No motions have been filed and none are currently pending. Defendant anticipates filing
8  a motion for summary judgment.

9  5.  **AMENDMENT OF PLEADINGS**

10        The Parties do not currently anticipate amending their respective pleadings but reserve
11  the right to do so as permitted by the Federal Rules of Civil Procedure.

12  6.  **EVIDENCE PRESERVATION**

13        The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of
14  Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable
15  steps to preserve electronically stored information and other evidence relevant to the issues
16  reasonably evident in this action.

17  7.  **DISCLOSURES**

18        The Parties have served their Initial Disclosures on each other.

19  8.  **DISCOVERY**

20        Both Parties have taken depositions. Plaintiff has been deposed by Defendant, and
21  Plaintiff has deposed some of Defendant's employees. Plaintiff still intends to depose additional
22  witnesses, either current or former employees of Defendant. The Parties have exchanged written
23  discovery requests, and those requests have been answered.

24  9.  **CLASS ACTIONS**

25        Not applicable.

26  10. **RELATED CASES**

27        Not applicable.

28

-3-

603

11. **RELIEF**

Plaintiff seeks relief in the form of compensatory, consequential, statutory, punitive, and emotional distress damages. Plaintiff requests any such other relieve as the Court may deem just and proper.

12. **SETTLEMENT AND ADR**

The Parties have met and conferred in compliance with ADR Local Rule 3-5 and have agreed to private mediation. Private mediation took place on August 27, 2020. The Parties did not reach a settlement. The Parties will continue to make a good faith effort in settlement negotiations. The Parties do not believe any motions are necessary to facilitate settlement process selection.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant has declined to consent to proceed before a Magistrate Judge for all purposes.

14. **OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to private mediation. Private mediation took place on August 27, 2020.

15. **NARROWING OF ISSUES**

The Parties do not believe that it is possible to narrow the issues at this time but will consider such opportunities to do so as the case develops, and trial nears.

16. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

17. **SCHEDULING**

The Court vacated the previously set trial date which was on 12/7/2020. The last day to hear Dispositive Motion Hearing has been extended to 11/5/2020, 10:00 AM,

ADR Proceedings: The Parties attended a private mediation with Michael Loeb on August 27, 2020. It was not successful. Mr. Loeb is set to follow up with the Parties before the scheduled case management conference.

-4-

604

<u>Amendment of Pleadings:</u> The deadline to amend pleadings has passed.

<u>Further Case Management Conference:</u>

<u>Fact Discovery:</u> The close of fact discovery was previously set for August 14, 2020. This was before the trial date was vacated and the deadline to file dispositive motions was extended.

<u>Expert Designation and Discovery:</u> Expert discovery is set to close on October 30, 2020, unless it is extended by the Court to mirror the other extensions that have been issued in this case.

<u>Preliminary Pretrial Conference.</u> The previously set pre-trial conference has been vacated by the Court.

<u>Witness Lists</u>. The parties shall serve preliminary witness lists no later than seven (7) days prior to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall serve final witness lists seven (7) calendar days after the close of fact discovery. The parties have the right to depose any person identified on the final witness list that was not on the preliminary witness list within twenty-one (21) calendar days of the date the final witness list was served.

<u>Dispositive Motions</u>. The last day for a hearing on dispositive motions is currently set to November 5, 2020.

## 18. **TRIAL**

If tried, the case will be a jury trial. The Parties anticipate the trial can be completed in five standard court days. There is no trial date at this time.

## 19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On December 16, 2019, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. The Certification states that other than the named parties, there are no other interested entities or persons of which the Parties are aware.

## 20. **PROFESSIONAL CONDUCT**

Attorneys for all Parities have reviewed the Guidelines for Professional Conduct for the Northern District of California.

-5-

605

1    21. **OTHER MATTERS**

2        Lead counsel for the Defendant is located out of the Northern District of California, and

3    the Parties have therefore agreed to do the Case Management Conference telephonically and will

4    make the proper arrangements with the Court's clerk.

5

6

7

8    Dated:  September 16, 2020                LIBERATION LAW GROUP, P.C.

9                                            By: _____

10                                                  Arlo Garcia Uriarte
                                                  Attorneys for Plaintiffs

11    Dated:  September 16, 2020                FOLEY & LARDNER LLP

12                                            By: _____

13                                                  Christopher Ward

14                                                  Sara Alexis Levine Abarbanel
                                                  Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

606

**PROOF OF SERVICE**

I, Mariana Toledo Segarra, declare as follows:

I am over the age of eighteen years and not a party to the within entitled action. My business address is 2760 Mission Street, San Francisco, CA 94110. I am familiar with the employer's business practice for collection and processing of mail using the United States Postal Service. On September 16, 2020, I served the attached:

**JOINT CASE MANAGEMENT STATEMENT**

on the interested parties in said action addressed as follows:

| | |
|---|---|
| **Christopher Ward, Esq.** | **Sara Alexis Levine Abarbanel, Esq.** |
| **Foley & Lardner LLP** | **Foley & Lardner LLP** |
| **555 South Flower Street, Suite 3300** | **555 South Flower Street, Suite 3300** |
| **Los Angeles, California 90071** | **Los Angeles, California 90071** |
| **cward@foley.com** | **sabarbanel@foley.com** |

**Jason Y. Wu, Esq.**
**Foley & Lardner LLP**
**555 South Flower Street, Suite 3300**
**Los Angeles, California 90071**
**JWu@foley.com**

and served the named document in the manner indicated below:

☒   **BY E-MAIL:** I caused true and correct copies of the above documents, sent via electronic service (email) to Christopher Ward at cward@foley.com, Sara Alexis Levine Abarbanel at sabarbanel@foley.com and Jason Y. Wu at JWu@foley.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 16, 2020, at San Francisco, California.

_____
Mariana Toledo Segarra

1

PROOF OF SERVICE

607

| 07/15/2020 | 21 | **Minute Entry for proceedings held before Judge Vince Chhabria: Further Case Management Conference held via Zoom Webinar on 7/15/2020.** |
|---|---|---|
| | | **CASE REFERRED to a randomly assigned Magistrate Judge for Discovery.** |
| | | **The pretrial conference scheduled for 11/30/2020, and the trial set for 12/7/2020, are vacated.** |
| | | **Last day to hear Dispositive Motion Hearing is extended to 11/5/2020, 10:00 AM, before Judge Vince Chhabria.** |
| | | **Case Management Statement due by 9/9/2020.** |
| | | **Further Case Management Conference set for 9/16/2020, 10:00 AM.** |
| | | **Total Time in Court: 6 minutes.** |
| | | **Court Reporter: Hearing recorded via Zoom Webinar: 10:42 - 10:48.** |
| | | **Plaintiff Attorney: Arlo Uriarte.** |
| | | **Defendant Attorney: Christopher Ward.** |
| | | ***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (knm, COURT STAFF) (Date Filed: 7/15/2020) (Entered: 07/20/2020)** |

608

1  ARLO GARCIA URIARTE (SBN: 231764)
   LIBERATION LAW GROUP, P.C.
2  2760 Mission Street
   San Francisco, CA 94110
3  Telephone: (415) 695-1000
   Facsimile: (415) 695-1006
4  Email:      arlo@liberationlawgroup.com

5

   Attorneys for Plaintiff
6  **RENALDO NAVARRO**

7  SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
   CHRISTOPHER WARD, CA Bar No. 238777
8  FOLEY & LARDNER LLP
   555 South Flower Street, Suite 3300
9  Los Angeles, CA  90071
   Telephone:    (213)972-4560
10 Facsimile:     (213)486-0065
   Email:       cward@foley.com
11             sabarbanel@foley.com

12 Attorneys for Defendant
   **MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES**
13

14

15            **UNITED STATES DISTRICT COURT**

16           **NORTHERN DISTRICT OF CALIFORNIA**

17

18 RENALDO NAVARRO,                    Case No.: 3:19-CV-08157-VC

19                    Plaintiff,       [Honorable Vince Chhabria]

20        vs.
                                       **JOINT CASE MANAGEMENT
21 MENZIES AVIATION, INC., DOING       STATEMENT**
   BUSINESS AS MENZIES; and DOES 1
22 through 10, inclusive,              Date:   July 15, 2020
                    Defendants.       Time:   10:00 a.m.
23                                     Courtroom: 04

24                                     State Court Action Filed:  10/23/19
                                       Action Removed:  12/16/19
25

26

27

28

                          -1-

609

The Parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern

District of California and Civil Local Rule 16-9.


1. **JURISDICTION & SERVICE**

The Parties agree that this is an action removed to this Court under U.S.C. § 1332 due to

diversity of citizenship of the Parties. The Parties do not believe that any personal jurisdiction or

venue issues exist at this time. No Parties remain to be served.

2. **FACTS**

Plaintiff alleges that after he complained to Defendant about a supervisor and signed a

petition formally complaining about the supervisor, Defendant suspended him for a week and

then terminated his employment. Plaintiff alleges that he signed the petition after having

complained about the supervisor sleeping on duty, being unreliable about giving rest and meal

periods, and being generally unprofessional and unavailable. After Plaintiff signed the petition,

Defendant allegedly asked Plaintiff to write a letter explaining why he signed the petition, which

Plaintiff believes was unnecessary because his complaints were on record and the petition spoke

for itself. Plaintiff alleges that although he was not the only one to sign the petition, he was the

only person suspended for signing the petition. Plaintiff alleges that Defendant discriminated

against him because he is Filipino by suspending and terminating him. Defendant denies that

Plaintiff was terminated because of his race and national origin or in response to any purported

protected activity.

Plaintiff filed his Complaint in San Francisco County Superior Court on October 22,

2019, after receiving a right to sue letter from California Department of Fair Employment and

Housing on September 3, 2019. Defendant answered the Complaint and removed the case to this

Court on December 16, 2019.

3. **LEGAL ISSUES**

Plaintiff alleges four causes of action: 1) discrimination in violation of California

Government Code section 12940(a); (2) retaliation in violation of California Government Code

-2-

4819-2593-0434.1

610

1  section 12940(h); (3) wrongful termination against public policy in violation of California Labor
2  Code section 1102.5(a)-(b); and (4) intentional infliction of emotional distress.
3      Defendant denies that Plaintiff was terminated because of his race and national origin or
4  in response to his complaints, and Defendant alleges that Plaintiff's causes of action fail as a
5  matter of law.

6  **4.  MOTIONS**

7      No motions have been filed and none are currently pending. Defendant anticipates filing
8  a motion for summary judgment after the case has further developed during discovery.

9  **5.   AMENDMENT OF PLEADINGS**

10     The Parties do not currently anticipate amending their respective pleadings but reserve
11 the right to do so as permitted by the Federal Rules of Civil Procedure.

12 **6.  EVIDENCE PRESERVATION**

13     The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of
14 Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable
15 steps to preserve electronically stored information and other evidence relevant to the issues
16 reasonably evident in this action.

17 **7.  DISCLOSURES**

18     The Parties have served their Initial Disclosures on each other.

19 **8.  DISCOVERY**

20     Defendant has served written discovery in the form of interrogatories and document
21 requests and is awaiting service of responses to that written discovery.

22     Counsel for Plaintiff has noticed depositions for July 28-29, 2020.

23     Counsel for Defendants has noticed deposition of Plaintiff Renaldo Navarro to July 23,
24 2020.

25 **9.  CLASS ACTIONS**

26     Not applicable.

27 **10. RELATED CASES**

28     Not applicable.

-3-

4819-2593-0434.1

611

11. **RELIEF**

Plaintiff seeks relief in the form of compensatory, consequential, statutory, punitive, and emotional distress damages. Plaintiff also requests any such other relief as the Court may deem just and proper.

12. **SETTLEMENT AND ADR**

The Parties have met and conferred in compliance with ADR Local Rule 3-5 and have agreed to private mediation. **The Parties have set a mediation session for August 27, 2020.** The Parties do not believe any motions are necessary to facilitate settlement process selection.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant has declined to consent to proceed before a Magistrate Judge for all purposes.

14. **OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to private mediation. Private mediation is set to August 27, 2020.

15. **NARROWING OF ISSUES**

The Parties do not believe that it is possible to narrow the issues at this time but will consider such opportunities to do so as the case develops and trial nears.

16. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

17. **SCHEDULING**

A trial has been set to December 7, 2020 at 8:30 a.m. in San Francisco, Courtroom 04, 17th Floor before Judge Vince Chhabria. The Parties propose the following timeline for this case, to be adjusted with the date of trial :

ADR Proceedings: The Parties have agreed to private mediation as their preference for ADR proceedings. The Parties are scheduled for a private mediation on August 27, 2020.

Amendment of Pleadings: The deadline to amend pleadings has passed.

Further Case Management Conference:

-4-

4819-2593-0434.1

612

1       Fact Discovery: Fact discovery is currently due August 14, 2020 unless extended by the
2  Court for good cause shown.

3       Expert Designation and Discovery: The Parties shall identify any expert(s) that they plan
4  to call in their case-in-chief no later than October 8, 2020. The Parties shall identify any
5  anticipated rebuttal experts no later than three (3) business days before the Preliminary Pretrial
6  Conference. The Parties shall serve any report(s) within fourteen (14) calendar days after the
7  close of fact discovery and any rebuttal reports within twenty-one (21) calendar days after receipt
8  of the underlying report that is addressed by the rebuttal report. Expert discovery closes on
9  October 30, 2020.

10       Preliminary Pretrial Conference. A Preliminary Pretrial Conference is currently set to
11  November 30, 2020. Lead counsel for the parties shall meet and confer no later than twenty-one
12  (21) calendar days prior to the filing of the Joint Preliminary Pretrial Conference Statement. No
13  later than ten (10) calendar days prior to Preliminary Pretrial Conference, the parties shall file a
14  Joint Preliminary Pretrial Conference Statement.

15       Witness Lists. The parties shall serve preliminary witness lists no later than seven (7)
16  days prior to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall
17  serve final witness lists seven (7) calendar days after the close of fact discovery. The parties have
18  the right to depose any person identified on the final witness list that was not on the preliminary
19  witness list within twenty-one (21) calendar days of the date the final witness list was served.

20       Dispositive Motions. The last day for a hearing on dispositive motions is currently set to
21  October 1, 2020.

22  18. **TRIAL**

23       If tried, the case will be a jury trial. The Parties anticipate the trial can be completed in
24  five standard court days. Trial is currently set to December 7, 2020.

25  19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

26       On December 16, 2019, Defendant filed its "Certification of Interested Entities or
27  Persons" as required by Civil Local Rule 3-15. The Certification states that other than the named
28  parties, there are no other interested entities or persons of which the Parties are aware.

-5-

4819-2593-0434.1

613

1    20. **PROFESSIONAL CONDUCT**

2        Attorneys for all Parities have reviewed the Guidelines for Professional Conduct for the

3    Northern District of California.

4    21. **OTHER MATTERS**

5        Lead counsel for the Defendant is located out of the Northern District of California, and

6    the Parties have therefore agreed to do the Case Management Conference telephonically and will

7    make the proper arrangements with the Court's clerk.

8

9

10

     Dated:  July 7, 2020                    LIBERATION LAW GROUP, P.C.

11

12                                           By:    _____/s/_____
                                                    Arlo Garcia Uriarte
13                                                  Attorneys for Plaintiffs

14   Dated:  July 7, 2020                    FOLEY & LARDNER LLP

15

16                                           By:    _____/s/_____
                                                    Sara Alexis Levine Abarbanel
17                                                  Christopher Ward
                                                    Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28

                                          -6-

4819-2593-0434.1

614

| 03/11/2020 | 16 | **Minute Entry for proceedings held before Judge Vince Chhabria:** **Telephonic Initial Case Management Conference held on 3/11/2020.** |
|---|---|---|
| | | **Parties agree to participate in private ADR. The deadline to complete private ADR is 7/1/2020. Parties are ordered to file an ADR stipulation within 7 days of today's date.** |
| | | **Case Schedule:** **Last day to amend pleadings due by 5/11/2020.** **Close of Fact Discovery due by 8/14/2020.** **Designation of Experts due by 10/8/2020.** **Rebuttal Reports due by 10/15/2020.** **Close of Expert Discovery due by 10/30/2020.** **Last day to hear Dispositive Motion Hearing set for 10/1/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor before Judge Vince Chhabria.** **Final Pretrial Conference set for 11/30/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor.** **Jury Trial set for 12/7/2020 08:30 AM in San Francisco, Courtroom 04, 17th Floor before Judge Vince Chhabria.** |
| | | **Case Management Statement due by 7/8/2020.** **Further Case Management Conference set for 7/15/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor.** |
| | | **Total Time in Court: 6 minutes.** **Court Reporter: Hearing not reported or recorded.** **Plaintiff Attorney: Arlo Uriarte.** **Defendant Attorney: Christopher Ward.** |
| | | ***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** (knm, COURT STAFF) (Date Filed: 3/11/2020) (Entered: 03/11/2020) |

CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
KRISTINA FERNANDEZ MABRIE, CA Bar No. 318315
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
  sabarbanel@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

Attorneys for Defendant MENZIES
AVIATION, INC., dba MENZIES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>                             Plaintiff,<br><br>          vs.<br><br>MENZIES AVIATION, INC., DOING<br>BUSINESS AS MENZIES; and DOES 1 through<br>10, inclusive,<br><br>                             Defendants. | Case No. 3:19-cv-08157-VC<br><br>**JOINT CASE MANAGEMENT<br>STATEMENT**<br><br>State Court Action Filed:  10/23/19<br><br>Action Removed:  12/16/19<br><br>Judge:  Hon. Vince Chhabria |

     The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT

STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and

Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

     The Parties agree that this is an action removed to this Court under U.S.C. § 1332 due to

diversity of citizenship of the Parties.  The Parties do not believe that any personal jurisdiction or venue

issues exist at this time.  No Parties remain to be served.

2. **FACTS**

Plaintiff alleges that after he complained to Defendant about a supervisor and signed a petition formally complaining about the supervisor, Defendant suspended him for a week and then terminated his employment.  Plaintiff alleges that he signed the petition after having complained about the supervisor sleeping on duty, being unreliable about giving rest and meal periods, and bring unprofessional and unavailable.  After Plaintiff signed the petition, Defendant allegedly asked Plaintiff to write a letter explaining why he signed the petition, which Plaintiff believes was unnecessary because his complaints were on record and the petition spoke for itself.  Plaintiff alleges that although he was not the only one to sign the petition, he was the only person suspended for signing the petition.  Plaintiff alleges that Defendant discriminated against him because he is Filipino by suspending and terminating him.  Defendant denies that Plaintiff was terminated because of his race and national origin or in response to any purported protected activity.

Plaintiff filed his Complaint in San Francisco County Superior Court on October 22, 2019, after receiving a right to sue letter from California Department of Fair Employment and Housing on September 3, 2019.  Defendant answered the Complaint and removed the case to this Court on December 16, 2019.

3. **LEGAL ISSUES**

Plaintiff alleges four causes of action:  (1) discrimination in violation of California Government Code section 12940(a); (2) retaliation in violation of California Government Code section 12940(h); (3) wrongful termination against public policy in violation of California Labor Code section 1102.5(a)-(b); and (4) intentional infliction of emotional distress.

Defendant denies that Plaintiff was terminated because of his race and national origin or in response to his complaints, and Defendant alleges that Plaintiff's causes of action fail as a matter of law.

4. **MOTIONS**

No motions have been filed and none are currently pending.  Defendant anticipates filing a motion for summary judgment after the case has further developed during discovery.

5. **AMENDMENT OF PLEADINGS**

The Parties do not currently anticipate amending their respective pleadings but reserve the right

JOINT CASE MANAGEMENT STATEMENT
-2-
Case No. 3:19-cv-08157-VC

1  to do so as permitted by the Federal Rules of Civil Procedure.

2  6. **EVIDENCE PRESERVATION**

3         The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of

4  Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable steps to

5  preserve electronically stored information and other evidence relevant to the issues reasonably evident in

6  this action.

7  7. **DISCLOSURES**

8         The Parties agree to mutually extend the deadline for their initial disclosures pursuant to Fed. R.

9  Civ. P. 26(a) to March 17, 2020.

10  8. **DISCOVERY**

11         To date, there has been no discovery propounded.  The Parties anticipate pursuing discovery by

12  taking depositions and by serving document requests, interrogatories, and requests for admission.  The

13  Parties agree to serve interrogatories, document requests, deposition notices, request for admissions, and

14  the responses thereto, on each other via email (hardcopies to follow by mail, if requested).  The Parties

15  further agree that service of a complete copy of these documents via email shall count as service by

16  hand.

17         The Parties have not yet discussed but will consider a stipulated e-discovery order and a

18  proposed discovery plan.  The Parties will also discuss entering a stipulated protective order.  The

19  Parties have not identified any discovery disputes to date.

20         The Parties propose a deadline for fact discovery four (4) months after the entry of this Order.

21  9. **CLASS ACTIONS**

22         Not applicable.

23  10. **RELATED CASES**

24         Not applicable.

25  11. **RELIEF**

26         Plaintiff seeks relief in the form of compensatory, consequential, statutory, punitive, and

27  emotional distress damages.  Plaintiff requests any such other relieve as the Court may deem just and

28  proper.

JOINT CASE MANAGEMENT STATEMENT
-3-
Case No. 3:19-cv-08157-VC

12. **SETTLEMENT AND ADR**

The Parties have met and conferred in compliance with ADR Local Rule 3-5 and have agreed to private mediation. The Parties do not believe any motions are necessary to facilitate settlement process selection.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant has declined to consent to proceed before a Magistrate Judge for all purposes.

14. **OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to private mediation. The parties are in the process of selecting mediators and setting a date.

15. **NARROWING OF ISSUES**

The Parties do not believe that it is possible to narrow the issues at this time but will consider such opportunities to do so as the case develops and trial nears.

16. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

17. **SCHEDULING**

The Parties have tentatively agreed to a trial date of the week of December 7, 2020. If the Court does not have that date available, the Parties have agreed on February 1, 2021 or February 8, 2021 as alternatives in that order of preference. The Parties propose the following timeline for this case, to be adjusted with the date of trial:

ADR Proceedings. ADR proceedings will begin within ninety (90) days from the entry of this Order (approximately June 9, 2020). The Parties have agreed to private mediation as their preference for ADR proceedings.

Amendment of Pleadings. The Parties may amend their pleadings up to sixty (60) days from the entry of this Order (approximately May 11, 2020).

Further Case Management Conference. A further case management conference will be scheduled approximately thirty (30) days prior to the close of fact discovery (approximately June 17,

1  2020).

2       Fact Discovery.  Fact discovery shall be completed by four (4) months (approximately July 17,

3  2020) after the entry of this Order unless extended by the Court for good cause shown.

4       Expert Designation and Discovery. The Parties shall identify any expert(s) that they plan to call

5  in their case-in-chief no later than seven (7) calendar days before filing of the Joint Preliminary Pretrial

6  Conference Statement.  The Parties shall identify any anticipated rebuttal experts no later than three (3)

7  business days before the Preliminary Pretrial Conference.  The Parties shall serve any report(s) within

8  fourteen (14) calendar days after the close of fact discovery and any rebuttal reports within twenty-one

9  (21) calendar days after receipt of the underlying report that is addressed by the rebuttal report.

10  Depositions of experts must be completed within sixty (60) calendar days after the close of fact

11  discovery (approximately September 15, 2020).

12       Preliminary Pretrial Conference.  As required in this Court's Standing Order, a Preliminary

13  Pretrial Conference shall be scheduled approximately 1-2 weeks before the trial (approximately

14  November 23, 2020).  Lead counsel for the parties shall meet and confer no later than twenty-one (21)

15  calendar days prior to the filing of the Joint Preliminary Pretrial Conference Statement. No later than ten

16  (10) calendar days prior to Preliminary Pretrial Conference, the parties shall file a Joint Preliminary

17  Pretrial Conference Statement.

18       Witness Lists. The parties shall serve preliminary witness lists no later than seven (7) days prior

19  to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall serve final witness

20  lists seven (7) calendar days after the close of fact discovery. The parties have the right to depose any

21  person identified on the final witness list that was not on the preliminary witness list within twenty-one

22  (21) calendar days of the date the final witness list was served.

23       Dispositive Motions.  The last day for a hearing on dispositive motions will be two (2) months

24  before the pretrial conference (approximately September 14, 2020).

25  18.  **TRIAL**

26       If tried, the case will be a jury trial.  The Parties anticipate the trial can be completed in five

27  standard court days.

28  ///

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:19-cv-08157-VC

4839-6247-1605.7

620

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On December 16, 2019, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. The Certification states that other than the named parties, there are no other interested entities or persons of which the Parties are aware.

20. **PROFESSIONAL CONDUCT**

Attorneys for all Parities have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER MATTERS**

Lead counsel for the Defendant is located out of the Northern District of California, and the Parties have therefore agreed to do the Case Management Conference telephonically and have made the proper arrangements with the Court's clerk.

Dated: March 3, 2020

> **FOLEY & LARDNER LLP**
> Christopher Ward
> Kristina Fernandez Mabrie
> Sara Alexis Levine Abarbanel
>
>
> /s/ Christopher Ward
> Christopher Ward
> Attorneys for Defendant MENZIES AVIATION, INC.

Dated:  March 3, 2020

> **LIBERATION LAW GROUP, P.C.**
> Arlo Garcia Uriarte
> Ernesto Sánchez
> Un Kei Wu
> Daniel P. Iannitelli
>
>
> /s/ Arlo Garcia Uriarte
> Arlo Garcia Uriarte
> Attorneys for Plaintiff Renaldo Navarro

JOINT CASE MANAGEMENT STATEMENT
-6-
Case No. 3:19-cv-08157-VC

4839-6247-1605.7

621

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this Joint Case

Management Statement has been obtained from all signatories to the Joint Case Management Statement.


Dated: March 3, 2020                                   **FOLEY & LARDNER LLP**
                                                       Christopher Ward
                                                       Kristina Fernandez Mabrie
                                                       Sara Alexis Levine Abarbanel



                                                        /s/ Christopher Ward
                                                       Christopher Ward
                                                       Attorneys for Defendant MENZIES
                                                       AVIATION, INC.

4839-6247-1605.7

622

1 | Arlo García Uriarte, SBN 231764
2 | Ernesto Sánchez, SBN 278006
Un Kei WU, SBN 270058
3 | Daniel P. Iannitelli, SBN 203388
LIBERATION LAW GROUP, P.C.
4 | 2760 Mission Street
San Francisco, CA 94110
5 | Telephone: (415) 695-1000
6 | Facsimile: (415) 695-1006

**F I L E D**
San Francisco County Superior Court

OCT 2 3 2019

CLERK OF THE COURT
By: _____
ANGELICA SUNGA   Deputy Clerk

7 | Attorneys for PLAINTIFF
8 | **RENALDO NAVARRO**

9 |

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF SAN FRANCISCO**

12 | **UNLIMITED JURISDICTION**

13 |

14 |

15 | RENALDO NAVARRO,

Case Number: **CGC - 19 - 580227**

16 | **COMPLAINT**

17 |             Plaintiff,

**(1) DISCRIMINATION**

18 |     vs.

**(2) RETALIATION**
**(3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

19 | MENZIES AVIATION, INC., doing business as
20 | MENZIES and DOES 1 through 10, inclusive.

**(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

21 |             Defendants.

JURY TRIAL REQUESTED

22 |

23 |

24 |

25 |

26 |

27 |

28 |

623

1.    Plaintiff Renaldo Navarro (hereinafter "PLAINTIFF"), hereby alleges as follows:

## I. JURISDICTION & VENUE

2.    Jurisdiction is proper in this court because the alleged damages exceed twenty-five thousand dollars (\$ 25,000.00).

3.    Venue is proper in this Court because, at all relevant times, DEFENDANT Menzies Aviation, Inc., conducted business in San Francisco County and PLAINTIFF was employed and performed service for DEFENDANT Menzies Aviation, Inc., within the County of San Francisco.

## II. PARTIES

4.    PLAINTIFF is an individual.

5.    PLAINTIFF is of Filipino race and Philippines national origin.

6.    PLAINTIFF was a non-exempt employee, employed by DEFENDANTS.

7.    DEFENDANT Menzies Aviation, Inc., is a Delaware corporation that is doing business as Menzies (hereinafter "DEFENDANT MENZIES") which maintains offices and transacts business within the State of California and the City of San Francisco.

8.    PLAINTIFF worked for DEFENDANTS at 1601 Old Bayshore Hwy, Burlingame.

9.    As PLAINTIFFS' employer, DEFENDANT MENZIES exercised direct or indirect control over the wages, hours, and working conditions of PLAINTIFF. PLAINTIFF'S employment is covered by the Industrial Welfare Commission Wage Order No. 9-2001 because he worked in the Transportation Industry ("IWC Wage Order No. 9").

10.    Reference herein to "DEFENDANTS" without other limitation shall include all specifically, and fictitiously named DEFENDANTS, including those individuals who were the officers, directors, and/or managing agents of DEFENDANT MENZIES. Whenever and wherever reference is made in this Complaint to DEFENDANTS, such reference shall include each and every one of these specifically and fictitiously named defendants individually, jointly, and severally.

11.    PLAINTIFF is unaware of the true names and capacities of the DEFENDANTS sued

---

COMPLAINT – Navarro v. Menzies Aviation, Inc.

2

624

herein as DOES 1 – 10, inclusive, and therefore sue these DEFENDANTS by such fictitious names pursuant to Code of Civil Procedure Section 474. PLAINTIFF will amend this Complaint to allege their true names and capacities if/when they are ascertained. PLAINTIFF is informed and believes and thereupon alleges that each fictitiously-named defendant is responsible in some manner for the occurrences alleged herein, and that the damages as alleged herein were directly and proximately caused by each such fictitiously-named defendant, and that PLAINTIFF is entitled to the relief requested herein against each such fictitiously-named defendant.

12. The actions of DEFENDANTS' officers, managers, supervisors, employees, and agents against PLAINTIFF were ratified by DEFENDANTS. At all relevant times, DEFENDANTS and its officers, managers, supervisors, employees, and agents acted within the course and scope of their employment.

## III. STATEMENT OF FACTS

13. PLAINTIFF worked for DEFENDANTS from 2005 to August 29, 2018.

14. PLAINTIFF worked as a supervisor for DEFENDANTS. More specifically, PLAINTIFF supervised approximately twelve (12) to fifteen (15) fuelers at a time. PLAINTIFF'S duties as a supervisor were to dispatch his assigned fuelers to their respective aircrafts so they could load/unload fuel.

15. PLAINTIFF also had supervisors; they were duty manager John Qualley ("QUALLEY"), operations manager Renil (last name unknown) ("RENIL"), general manager Jeff Cock ("COCK"), and director Raul Vargas ("VARGAS").

16. PLAINTIFF typically worked five (5) days per week for DEFENDANTS.

17. PLAINTIFF'S typical schedule had him start work at approximately 11:00 p.m. and stop work at approximately 7:00 a.m.

625

18.    When PLAINTIFF started his shift, DEFENDANTS' swing shift supervisors would provide the status for the fuelers that would be available for PLAINTIFF'S shift so he could prepare to manage his group.

19.    DEFENDANTS' swing supervisors, those that worked with PLAINTIFF, were July Macapagal ("MACAPAGAL") and Andrew Dodge ("DODGE").

20.    It was common for DODGE to not respond to calls from fuelers because he frequently slept while on-duty. PLAINTIFF received many complaints from his fuelers about DODGE'S unprofessional behavior. DODGE frustrated fuelers because he was unreliable about giving them meal and rest period opportunities, and he was often unavailable to help them troubleshoot problems with flights.

21.    DEFENDANTS did not address DODGE'S behavior after PLAINTIFF complained. PLAINTIFF complained to DEFENDANTS about DODGE repeatedly in 2017. PLAINTIFF issued most of these complaints to RENIL and QUALLEY, but he was ignored.

22.    On or about August 14, 2018, one of PLAINTIFFS' fuelers asked PLAINTIFF to sign a petition formally complaining about DODGE. PLAINTIFF signed the petition because on serval occasions, PLAINTIFF experienced the issues that his fuelers were complaining about. For example, PLAINTIFF, on several occasions, called DODGE but he did not reply to the cellphone because he was sleeping while on-duty.

23.    On or about August 17, 2018, MACAPAGAL showed the petition to VARGAS during a meeting with all the supervisors and managers.

24.    On or about August 23, 2018, VARGAS and the safety manager Kevin (last name unknown) ("KEVIN"), suspended PLAINTIFF for signing the petition.

25.    KEVIN asked PLAINTIFF to write a letter explaining why he signed the petition. PLAINTIFF wrote a letter explaining the reasons for signing the petition. PLAINTIFF experienced the same work situation with DODGE that DEFENDATS's fuelers had. When PLAINTIFF tried to reach DODGE he usually was sleeping.

26.    DEFENDANTS suspended PLAINTIFF one week for signing the petition.

27.    DEFENDANTS did not suspend any other supervisors or employees.

28.    In PLAINTIFF'S experience, DEFENDANTS displayed favoritism for DODGE as a Caucasian supervisor over the Filipino's supervisors like PLAINTIFF. PLAINTIFF and other employees complained several times about DODGE but DEFENDANTS never implemented any corrective action. DEFENDANTS allowed and reinforced DODGE'S unprofessionalism.

29.    On or about August 29, 2018, DEFENDANTS retaliated against PLAINTIFF again and terminated his employment due to his support of the petition complaining about DODGE.

30.    DEFENDANTS suspended, retaliated and terminated PLAINTIFF because of his Filipino race and Philippines national origin.

31.    On or about September 03, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing ("DFEH"). A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(FEHA Discrimination)*

32.    PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

33.    DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (FEHA), in that DEFENDANTS regularly employ five (5) more persons.

34.    DEFENDANTS' discriminatory actions against PLAINTIFF, as alleged above, constituted unlawful in employment on account of PLAINTIFF' race and national origin in violation of Government Code Section 12940(a).

627

35.    DEFENDANTS and its agents, directors, managers, supervisors, and employees knew or should have known its actions were unwanted and discriminatory.

36.    Despite DEFENDANTS' actual and constructive knowledge of the discriminatory acts against PLAINTIFF and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such discrimination from occurring.

37.    As a proximate result of DEFENDANTS' discriminatory actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFFS, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

38.    As a further proximate result of DEFENDANTS' discriminatory actions against PLAINTIFFS, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body as follows: Anxiety, stress, insomnia, and other maladies.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

39.    DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

40.    DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, agents, and DOE defendants for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

41.    September 3, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing ("DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## SECOND CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(FEHA Retaliation)*

42.     PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

43.     DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANTS regularly employ five or more persons.

44.     DEFENDANTS' actions against PLAINTIFF, as alleged, constituted unlawful retaliation in employment on account of PLAINTIFF' opposition to DEFENDANTS' discriminatory and hostile workplace practices in violation of Government Code Section 12940(h).

45.     DEFENDANTS and its agents, directors, managers, supervisors, and employees knew or should have known its actions were unwanted and retaliatory because PLAINTIFF complained about them to DEFENDANTS

46.     Despite DEFENDANTS' actual and constructive knowledge of the retaliatory acts against PLAINTIFF and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such retaliation from occurring.

47.     As a proximate result of DEFENDANTS' discriminatory actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such retaliation and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

629

48.     As a further proximate result of DEFENDANTS' retaliatory actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such retaliation and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

49.     DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

50.     DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, agents, and DOE defendants for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

## THIRD CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Wrongful Termination in Violation of Public Policy)*

51.     PLAINTIFF realleges and incorporates by reference the allegations of paragraphs above.

52.     It is the public policy of the State of California that an employer may not terminate an employee for exercising the employee's statutory right to complain about poor working conditions, without fear of retaliation or termination. *See,* Labor Code Section 1102.5(a) an 1102.5(b). Furthermore, it is against the public policy of the State of California to discriminate or retaliate against individuals such as PLAINTIFF as described above.

53.     PLAINTIFF complained many times about DODGE because his unprofessional behavior was affecting PLAINTIFF'S work conditions. DEFENDANTS at first ignored these complaints and eventually used them to suspend and terminate PLAINTIFF.

54.     DEFENDANTS intentionally retaliated against PLAINTIFF for signing a support a petition complaining about DODGE unprofessional work behavior.

55.     DEFENDANTS' actions were taken with oppression and in reckless disregard of PLAINTIFF'S rights.

630

56.    PLAINTIFF is informed and believes that his support and respective sign of the petition, were substantial motivating factors in DEFENDANTS' decisions to terminate PLAINTIFF'S employment

57.    As a proximate result of DEFENDANTS' actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been not wrongfully terminated, received proper wage increases, and increased hours of work.  As a result of such and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

58.    As a further proximate result of DEFENDANTS' retaliation actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, and insomnia.  As a result of such harassment and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

59.    DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

## FOURTH CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Intentional Infliction of Emotional Distress)*

60.    PLAINTIFF realleges and incorporates by reference the allegations of paragraphs above.

61.    DEFENDANTS engaged in outrageous conduct towards PLAINTIFF, with the intention to cause, or with reckless disregard for the probability of causing, PLAINTIFF to suffer severe emotional distress.

62.    DEFEDANTS' conduct was a substantial factor in causing PLAINTIFF's severe

emotional distress, discomfort, worry, anxiety, concern, and agitation as the result of DEFENDANTS'S actions against PLAINTIFF.

63.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF was injured in his strength, health, and activity, sustaining shock and injury to her nervous system, all of which has caused and continue to cause plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to his damage in an amount in excess of the minimum subject matter jurisdiction of this Court and according to proof.

64.     As direct and proximate cause of DEFEDANTS' conduct, PLAINTIFF's has suffered and continues to suffer losses in earnings, bonuses, deferred compensation, employment benefits and earning capacity, opportunities for employment advancement, embarrassment, humiliation, mental anguish and distress, all to her damage in excess of the minimum subject matter jurisdiction of this Court and according to proof

65.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

## V. PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court enters judgment in his favor and against DEFENDANTS, as follows:

1.     Compensatory, consequential and statutory damages according to proof.

2.     Punitive damages according to proof,

3.     Emotional distress damages according to proof.

4.     Such other and further relief as the Court deems just and proper.

632

Dated: October 22, 2019.

LIBERATION LAW GROUP, P.C.

By: _____

Arlo Garcia Uriarte
Attorneys for PLAINTIFF

## VI. JURY REQUEST

PLAINTIFF request a trial by jury.

Dated: October 22, 2019

LIBERATION LAW GROUP, P.C.

By: _____

Arlo Garcia Uriarte
Attorneys for PLAINTIFF

633

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

634

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 3, 2019

Arlo Uriarte
2760 Mission St 2nd floor
San Francisco, California 94110

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 201909-07431103
        Right to Sue: Navarrp / MENZIES AVIATION

Dear Arlo Uriarte:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Renaldo Navarrp                                    DFEH No. 201909-07431103

                              Complainant,

vs.

MENZIES AVIATION
06 N McDonnell Rd,
San Francisco, California 94128

                              Respondents
_____

1. Respondent **MENZIES AVIATION** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Renaldo Navarrp**, resides in the City of **San Francisco** State of **California.**

3. Complainant alleges that on or about **August 29, 2018**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions) and as a result of the discrimination was terminated, laid off, suspended.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, suspended.

**Additional Complaint Details:** The complainant complained of upper Respondent's manager unprofessional behavior of caucasian supervisor. The complainant signed a letter supporting a letter about the supervisor work misconduct. The Respondent's managers asked the complainant to write a letter explaining why he signed the petition. Respondent suspended the complainant one week for signing the petition.

-1-
*Complaint – DFEH No. 201909-07431103*

Date Filed: September 3, 2019
Date Amended: September 3, 2019

636

1  Respondent displayed favoritism for supervisor as a Caucasian supervisor over the
   Filipino's supervisors like the complainant.
2  Respondent suspended, retaliated and terminated complainant  because of his
3  Filipino race and Philippines national origin

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                 -2-
27                            *Complaint – DFEH No. 201909-07431103*

28  Date Filed: September 3, 2019
    Date Amended: September 3, 2019

1  VERIFICATION

2  I, **Arlo Uriarte Garcia**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
5  On September 3, 2019, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.

6                                                                 **San Francisco California**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
                                                  -3-
27                              *Complaint – DFEH No. 201909-07431103*

28  Date Filed: September 3, 2019
    Date Amended: September 3, 2019

638

1  CHRISTOPHER WARD, CA Bar No. 238777
     cward@foley.com
2  ARCHANA A. MANWANI, CA Bar No. 272989
     amanwani@foley.com
3  FOLEY & LARDNER LLP
   555 SOUTH FLOWER STREET, SUITE 3300
4  LOS ANGELES, CA 90071-2411
   TELEPHONE: 213.972.4500
5  FACSIMILE:   213.486.0065

6  SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
     sabarbanel@foley.com
7  FOLEY & LARDNER LLP
   555 CALIFORNIA STREET, SUITE 1700
8  SAN FRANCISCO, CA 94104-1520
   TELEPHONE: 415.434.4484
9  FACSIMILE:   415.434.4507

10  Attorneys for Defendant MENZIES AVIATION,
    INC.

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF SAN FRANCISCO

13

14  RENALDO NAVARRO,                          ) CASE NO: CGC-19-580227
                                              )
15            PLAINTIFF,                       ) **DEFENDANT MENZIES AVIATION, INC.'S**
                                              ) **ANSWER TO PLAINTIFF'S UNVERIFIED**
16       v.                                   ) **COMPLAINT**
                                              )
17  MENZIES AVIATION, INC., DOING BUSINESS AS )
18  MENZIES; AND DOES 1 THROUGH 10, INCLUSIVE, ) CASE FILED: OCTOBER 23, 2019
                                              )
19            DEFENDANTS.                      )
                                              )
20                                            )
                                              )
21                                            )
                                              )
22                                            )
                                              )
23  ─────────────────────────────────────────

24

25

26

27

28

─────────────────────────────────────────
DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. CGC-19-580227

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

12/13/2019
Clerk of the Court
BY: ANGELICA SUNGA
Deputy Clerk

4824-3979-1790.1

639

1  Defendant Menzies Aviation Inc. doing business as Menzies ("Defendant") hereby answers

2  Plaintiff Renaldo Navarro's ("Plaintiff") Complaint ("Complaint") filed on October 23, 2019, as

3  follows:

## GENERAL DENIAL

5  Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies generally and

6  specifically, conjunctively and disjunctively, each and every allegation of the Complaint, including, but

7  not limited to, each and every purported cause of action contained therein (including denying the

8  existence of each and every element of each and every cause of action).

9  Further answering the Complaint, and the whole thereof, Defendant denies that Plaintiff has

10  sustained any injury, damage, or loss, if any, by reason of any act or omission of Defendant.

## AFFIRMATIVE DEFENSES

12  Defendant hereby asserts the following separate and distinct affirmative defenses to the

13  Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

16  1.  The Complaint, and each and every purported cause of action set forth therein alleged

17  against Defendant, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

20  2.  Plaintiff's purported claims are barred by applicable statutes of limitations, including but

21  not limited to Common law, California Government Code section 12900, et seq., and California Code of

22  Civil Procedure sections 335 through 349 (including but not limited to sections 338 and 340).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

25  3.  Plaintiff failed to meet his burden, inasmuch as he has had and continues to have the

26  ability and opportunity to mitigate the damages alleged with respect to the subject matter of this

27  litigation, and he has failed and requested to mitigate the damages.

28  ///

1

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

4. Plaintiff's purported causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 et seq., the California Labor Code and/or any other applicable administrative remedy.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. The Complaint is barred, in its entirety, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6. Each and every purported cause of action set forth in the Complaint is barred entirely, or in part, by the doctrine of estoppel and/or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7. The Complaint is barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Uncertainty)

8. The Complaint is barred, in whole or in part, because it cannot be ascertained from the Complaint the basis of the allegations stated therein.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

9. The Complaint is barred, in whole or in part, because Plaintiff has suffered no damage by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (No Underlying Wrongful Conduct)

10. The Complaint is barred, in whole or in part, because no wrongful conduct took place, there is no cognizable legal theory and no liability for failure to take remedial action or any similar or

1 related such allegation.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

11.     Plaintiff has failed to meet his factual and pleading burden inasmuch as the Complaint is frivolous, and Defendant has engaged attorneys to represent it in the defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees upon judgment in its favor.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

12.     Plaintiff has failed to meet his burden inasmuch as Plaintiff failed to mitigate any claimed damages (which are expressly denied) by complying with Defendant's practices, policies and internal procedures.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Proportional Liability)**

13.     The Complaint is barred, in whole or in part, because liability, which is expressly denied, is the subject of partial or total proportional liability to a party other than Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver/Release)**

14.     Each and every purported cause of action set forth in the Complaint is barred entirely, or in part, by the doctrine of waiver, as Plaintiff has waived all claims set forth in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

15.     The Complaint is limited or subject to an absolute bar as to recoverable damages based on the after-acquired evidence Defendant has presently and/or may acquire during the course of this litigation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Barred)**

16.     Defendant alleges that the United States and California Constitutions bar and/or limit any

3

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. CGC-19-580227

4824-3979-1790.1

642

1    claims by Plaintiff (or any member of the alleged putative class) for punitive damages, including barring

2    or limiting punitive damages as to any claim for which such relief is not available.

3    <b>SEVENTEENTH AFFIRMATIVE DEFENSE</b>

4    <b>(Punitive Damages Unconstitutional)</b>

5        17.     Defendant alleges that any claim for punitive or exemplary damages is barred, in that the

6    California statute on punitive damages is unconstitutional under the due process clause of the Fourteenth

7    Amendment to the U.S. Constitution and under the California Constitution, constitutes excessive fines

8    under the Eighth Amendment of the U.S. Constitution, is unconstitutionally vague and therefore void,

9    violative of the Equal Protection Clause, and an undue burden on Interstate Commerce.

10    <b>EIGHTEENTH AFFIRMATIVE DEFENSE</b>

11    <b>(Failure to State Facts Sufficient to Recover Punitive Damages)</b>

12        18.     The Complaint, and each and every purported cause of action set forth therein alleged,

13    fails to state facts sufficient to recover punitive, special or exemplary damages or to show that

14    Defendant was guilty of malice, oppression or fraud as required by California Civil Code section 3294

15    <b>NINETEENTH AFFIRMATIVE DEFENSE</b>

16    <b>(No Emotional Distress)</b>

17        19.     Defendants are informed and believe, and on that basis allege, that the Complaint, and

18    each and every cause of action contained therein, is barred in whole or in part on the ground that

19    Plaintiffs, and each of them, did not experience emotional distress.

20    <b>TWENTIETH AFFIRMATIVE DEFENSE</b>

21    <b>(Right to Assert Additional Affirmative and Other Defenses)</b>

22        20.     Defendant reserves the right to raise additional affirmative and other defenses and raise

23    the issue of Plaintiff's failure to meet his burden.

24    <b>PRAYER</b>

25    **WHEREFORE**, Defendant prays for judgment against Plaintiff on the Complaint as follows:

26        21.     That Plaintiff takes nothing by way of his Complaint;

27        22.     That the Complaint against Defendant be dismissed with prejudice;

28        23.     That Defendant be awarded costs and attorneys' fees;

4

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. CGC-19-580227

643

24. That the Court grant to Defendant such other and further relief as the Court may deem just and proper.

DATE: DECEMBER 13, 2019

FOLEY & LARDNER LLP
CHRISTOPHER WARD
ARCHANA A. MANWANI
SARA ALEXIS LEVINE ABARBANEL


ARCHANA A. MANWANI
Attorneys for Defendant MENZIES AVIATION, INC.

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. CGC-19-580227

4824-3979-1790.1

644

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

Name of U.S. District Court: | Northern District of California

U.S. District Court case number: | 19-cv-08157-VC

Date case was first filed in U.S. District Court: | December 16, 2019

Date of judgment or order you are appealing: | February 8, 2021

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes   ● No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Renaldo Navarro

Is this a cross-appeal?   ○ Yes   ● No

If Yes, what is the first appeal case number? | N/A

Was there a previous appeal in this case?   ○ Yes   ● No

If Yes, what is the prior appeal case number? | N/A

Your mailing address:

Liberation Law Group, P.C.

2760 Mission Street

City: | San Francisco | State: | CA | Zip Code: | 94110

Prisoner Inmate or A Number (if applicable): |

**Signature** | /s/ Arlo Uriarte | **Date** | Feb 26, 2021

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                                                                 *Rev. 12/01/2018*

645

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Renaldo Navarro

Name(s) of counsel (if any):

Arlo Uriarte
Liberation Law Group, P.C.

Address: 2760 Mission Street

Telephone number(s): 415-695-1000

Email(s): arlo@liberationlawgroup.com

Is counsel registered for Electronic Filing in the 9th Circuit?  ⦿ Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Menzies Aviation, Inc.

Name(s) of counsel (if any):

Christoper Ward
Foley & Lardner LLP

Address: 555 South Flower Street, Suite 3500

Telephone number(s): 213-972-4500

Email(s): cward@foley.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *Rev. 12/01/2018*

646

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO, | Case No. 19-cv-08157-VC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| MENZIES AVIATION, INC., | Re: Dkt. No. 28 |
| Defendant. | |

Because Navarro has not properly introduced any evidence from which a reasonable jury could find that his firing violated California law, Menzies' motion for summary judgment is granted.

Newly Submitted Opposition Evidence

As a preliminary matter, it would not be proper for the Court to consider the factual allegations and evidence introduced for the first time in Navarro's opposition to summary judgment. *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Prior to that brief, in all his filings and all his discovery conduct Navarro told a consistent story: that fuelers complained to Navarro, who is a supervisor, that another supervisor named Andrew Dodge had been sleeping on the job and failing to give them meal and rest breaks; that Navarro signed a petition seeking to have Dodge fired for that conduct; that Navarro was fired for signing the petition; and that this decision to fire Navarro (who is Filipino) for his conduct while allowing Dodge (who is white) to skate for the conduct complained of in the petition constituted race discrimination. In the opposition, Navarro told a new story: that he and the fuelers had repeatedly complained to Menzies management that Dodge was racially harassing the

647

Filipino fuelers, that Menzies had disregarded those complaints, and that the company had sided with the white harasser by firing the Filipino supervisor. In support of this new narrative, Navarro provided signed statements from himself and two other witnesses. But those allegations were not made in the complaint, nor were they referenced in Navarro's initial disclosures, the depositions taken by Navarro's lawyer, Navarro's own deposition, or any of the other filings made prior to the motion for summary judgment.

There are three possible explanations for the failure to disclose these noteworthy allegations earlier in the litigation. One is that Navarro's lawyers simply forgot. Another is that they intentionally concealed them with the intent of sandbagging Menzies. A third is that the allegations were themselves fabricated in an attempt to salvage the case in the face of a strong summary judgment motion. Regardless of which explanation is correct (and the Court has no way of telling), it would be unfair to allow Navarro to make such a sharp pivot so late in the litigation. Menzies was not on notice of the allegations until after the close of discovery, and thus had no opportunity to explore them in discovery or investigate them internally. And although it's not clear the Court has discretion to reopen discovery under circumstances like these, it would not choose to exercise any such discretion here. More than two years have passed since Navarro was fired in August 2018, many employees have moved on, and memories have likely faded. Our adversarial system is built on principles of fair notice and the opportunity to discover, present, and rebut relevant evidence. Those principles would be meaningless if Navarro and his lawyers were permitted to circumvent them here.

<u>FEHA Discrimination</u>

Absent the new allegations, Navarro cannot make out a prima facie case of race or national origin discrimination because he cannot show that Menzies treated a similarly situated non-Filipino employee differently. *Kodwavi v. Intercontinental Hotels Group Resources, Inc.*, 966 F.Supp.2d 971, 983 (N.D. Cal. 2013). Navarro points to the fact that Dodge was not fired, but he cannot show that Dodge was similarly situated. The only properly produced evidence, including the text of the petition itself, strongly suggests that the fuelers' complaints against

2

Dodge were related to discreet problems—scheduling issues and falling asleep—which are not comparable to the alleged abuses of power for which Navarro was fired.[1] *Cf. Nicholson v. Hyannis Air Service, Inc.*, 580 F.3d 1116, 1125–26 (9th Cir. 2009) (pilots lacking in communication skills and technical skills were similarly situated because both skills could be "retrained").

Even assuming Navarro did have a prima facie case, Menzies has met its burden of showing that it fired Navarro for legitimate business reasons. *Kodwavi*, 966 F.Supp.2d at 983–84. Emails between Menzies' human resources manager Tracy Aguilera and director of operations Raul Vargas show that the decision to terminate Navarro was based on concerns that he was harassing and intimidating employees as a member of management. Vargas and Aguilera both consistently testified that Menzies maintains a "zero tolerance" policy against harassment, distinguishing it from other kinds of problems for which a more graduated disciplinary approach is warranted. Written statements Menzies collected from fuelers before Navarro was fired show that he told some fuelers to sign the petition without explaining what it was. The weakest point in the record for Menzies is Navarro's termination notice, which simply states that he was fired for "code of conduct" violations. Nevertheless, although an unsatisfyingly vague description of Menzies' reasoning, even that is consistent with the idea that Navarro was fired for abusing his power as a supervisor, and it is not evidence of pretext. Because Navarro failed to properly introduce evidence that is the reasons given for his termination are pretextual, summary judgment is granted to Menzies on the discrimination claims.

<u>FEHA Retaliation and Wrongful Termination Against Public Policy</u>

Summary judgment is also granted to Menzies on Navarro's claims for retaliation under

---

[1]Navarro did produce a letter signed by Rafael Vasquez, the union shop steward, dated November 18, 2018 and apparently directed at Menzies' management. That letter states that Dodge was continuing to "abuse his authority and at times harass Fuelers under his charge." But the letter was written nearly three months after Navarro was fired, and there is no evidence that it actually ever submitted to Menzies—Menzies reports that it had never seen the letter until it was produced in discovery. In other words, the letter does not support any inference that Menzies was aware of any alleged abuse of power or harassment of employees by Dodge but failed to fire him as they fired Navarro.

3

FEHA and wrongful termination against public policy. *Loggins v. Kaiser Permanente International*, 151 Cal.App.4th 1102, 1108–9 (2007) (California courts apply the *McDonnell Douglas* test to both types of claims). For these claims, Navarro readily makes out a prima facie case: he was fired immediately after putting his name on a petition that raised concerns about wage and hour violations. But Menzies' explanation that Navarro was fired for harassing fuelers about signing the petition, rather than for the content of the petition itself, is also well supported. In addition to the evidence laid out above, Menzies chose not to fire the other supervisor who signed the petition but was not alleged to have intimidated fuelers into signing it. That distinction strongly supports the inference that the abuse of power was the ultimate reason for Navarro's termination. Against the weight of this evidence, Navarro puts forth his own testimony that he was fired for signing the petition and a note he wrote just before he was fired promising not to involve himself in fueler's complaints about Dodge again. Even crediting those statements, no reasonable jury could find that the substance of the petition, rather than the evidence of harassment, was the real reason for his termination. At most, the jury might find that Menzies meant to punish Navarro in part for signing a petition in general, because joining an employee petition as a supervisor was inappropriate. But that is not the same as firing him because of the content of the petition, which would be protected as a complaint about wage and hour violations.

Intentional Infliction of Emotional Distress

Finally, summary judgment is also granted on Navarro's claim for intentional infliction of emotional distress. Even if this claim were not preempted by the California Worker's Compensation Act, Navarro has not shown that his termination was wrongful, much less that it shocks the conscience. *Cole v. Fair Oaks Fire Protection District*, 43 Cal.3d 148, 160 (1987); *cf. Vanderhule v. Amerisource Bergen Drug Corp.*, No. SACV 16-2104 JVS (JCGx), 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017) (intentional infliction of emotional distress claim not barred where employee was mocked, deceived, and threatened before termination).

4

650

**IT IS SO ORDERED.**

Dated:  February 8, 2021

VINCE CHHABRIA
United States District Judge

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RENALDO NAVARRO, | 19-cv-08157-VC |
| Plaintiff, |  |
| v. | **JUDGMENT** |
| MENZIES AVIATION, INC., |  |
| Defendant. |  |

The Court, having ruled on the defendant's motion for summary judgment, now enters judgment in favor of the defendant and against the plaintiff. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: February 8, 2021

VINCE CHHABRIA
United States District Judge

652

ADRMOP,APPEAL,CLOSED,PRVADR,REFDIS

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:19−cv−08157−VC**

Navarro v. Menzies Aviation, Inc.
Assigned to: Judge Vince Chhabria
Referred to: Magistrate Judge Sallie Kim
Case in other court:  **21−15355**
            San Francisco Superior Court,
            CGC−19−580227
Cause: 28:1332 Diversity−Employment Discrimination

Date Filed: 12/16/2019
Date Terminated: 02/09/2021
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Diversity

**Plaintiff**

**Renaldo Navarro**
                                    represented by     **Arlo Garcia Uriarte**
                                                          Liberation Law Group
        2760 Mission Street
        San Francisco, CA 94110
        (415) 695−1000
        Fax: (415) 695−1006
        Email: arlo@liberationlawgroup.com
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

        **Daniel P Iannitelli**
        1994 43rd Avenue
        San Francisco
        San Francisco, CA 94116
        United Sta
        (415) 517−3955
        Email: diannitelli@dpilaw.com
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

        **Ernesto Sanchez**
        Liberation Law Group, P.C.
        2760 Mission Street
        San Francisco, CA 94110
        (415) 695−1000
        Fax: (415) 695−1006
        Email: ernesto@liberationlawgroup.com
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

        **Un Kei Wu**
        Liberation Law Group, P.C.
        2760 Mission Street
        San Francisco, CA 94110
        (415) 695−1000
        Fax: (415) 695−1006
        Email: unkei@liberationlawgroup.com
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

        **Elizabeth Lee Lyons**
        Liberation Law Group PC
        2760 Mission Street
        San Francisco, CA 94110
        United Sta
        (415)695−1000
        Email: elizabeth@liberationlawgroup.com
        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Menzies Aviation, Inc.**
*doing business as*
Menzies

represented by **Archana A. Manwani**
Foley and Lardner
555 S. Flower Street
Suite 3500
Los Angeles, CA 90071
213−972−4560
Fax: 213−486−0065
Email: amanwani@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Alexis Levine Abarbanel**
Foley and Lardner
555 California Street
Suite 1700
San Francisco, CA 94104
415−434−4484
Email: sabarbanel@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Gary Ward**
Foley & Lardner LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067−3021
310.277.2223
Fax: 310.557.8475
Email: cward@foley.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2019 | 1 | NOTICE OF REMOVAL from San Francisco Superior Court. Their case number is CGC−19−580227. (Filing fee $400 receipt number 0971−13983488). Filed byMenzies Aviation, Inc.. (Attachments: # 1 Declaration of Christopher G. Ward, # 2 Exhibit A to Declaration of Christopher G. Ward, # 3 Certificate/Proof of Service, # 4 Civil Cover Sheet)(Ward, Christopher) (Filed on 12/16/2019) (Entered: 12/16/2019) |
| 12/16/2019 | 2 | Certificate of Interested Entities by Menzies Aviation, Inc. re 1 Notice of Removal, (Ward, Christopher) (Filed on 12/16/2019) (Entered: 12/16/2019) |
| 12/17/2019 | 3 | Case assigned to Magistrate Judge Kandis A. Westmore. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E−Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5−1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 12/31/2019. (as, COURT STAFF) (Filed on 12/17/2019) (Entered: 12/17/2019) |
| 12/18/2019 | | Answer to Removal Complaint by Menzies Aviation, Inc. (ajsS, COURT STAFF) (Filed on 12/18/2019) (Entered: 12/18/2019) |
| 12/18/2019 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: This case may fall within the Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action.** |

| | | |
|---|---|---|
| | | See **General Order 71**. Parties and Counsel are directed to review General Order 71 to determine whether it applies to this case, and to comply with that General Order if applicable. **Case Management Statement due by 3/10/2020. Initial Case Management Conference set for 3/17/2020 01:30 PM. (ajsS, COURT STAFF) (Filed on 12/18/2019) (Entered: 12/18/2019)** |
| 12/23/2019 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Menzies Aviation, Inc... (Abarbanel, Sara) (Filed on 12/23/2019) (Entered: 12/23/2019) |
| 12/24/2019 | | Electronic filing error. Judge name or case number is incorrect Re: 5 Consent/Declination to Proceed Before a US Magistrate Judge filed by Menzies Aviation, Inc.. Counsel nee d not re-file the document, but should reference the correct judge name/initials on future filings: **4:19-cv-08157-KAW** (ajsS, COURT STAFF) (Filed on 12/24/2019) (Entered: 12/24/2019) |
| 12/24/2019 | 6 | CERTIFICATE OF SERVICE by Menzies Aviation, Inc. *C.f Notice C.f Removal Documents to Plaint..f* (Abarbanel, Sara) (Filed on 12/24/2019) (Entered: 12/24/2019) |
| 12/24/2019 | 7 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (dtmS, COURT STAFF) (Filed on 12/24/2019) (Entered: 12/24/2019) |
| 12/26/2019 | 8 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Vince Chhabria for all further proceedings. Magistrate Judge Kandis A. Westmore no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Signed by the Clerk on 12/26/2019. (Attachments: # 1 Notice of Eligibility for Video Recording)(ajsS, COURT STAFF) (Filed on 12/26/2019) (Entered: 12/26/2019)** |
| 01/06/2020 | 9 | REASSIGNED CASE - NOTICE OF NEW HEARING DATE: You are notified that the Court has scheduled an Initial Case Management Conference before Judge Vince Chhabria upon reassignment. For a copy of Judge Chhabria's Standing Order and other information, please refer to the Court's website at www.cand.uscourts.gov.<br><br>Case Management Statement due by 3/4/2020. Initial Case Management Conference set for 3/11/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*(knm, COURT STAFF) (Filed on 1/6/2020) (Entered: 01/06/2020) |
| 02/20/2020 | 10 | ADR Clerks Notice re: Non-Compliance with Court Order. The parties have failed to file an ADR Certification as required by the Initial Case Management Scheduling Order. Counsel shall comply promptly with the requirements of ADR L.R. 3-5(b) and shall file the ADR Certification. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*(cmf, COURT STAFF) (Filed on 2/20/2020) (Entered: 02/20/2020) |
| 02/20/2020 | 11 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Uriarte, Arlo) (Filed on 2/20/2020) (Entered: 02/20/2020) |
| 02/20/2020 | 12 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Abarbanel, Sara) (Filed on 2/20/2020) (Entered: 02/20/2020) |
| 02/25/2020 | 13 | CLERK'S NOTICE RESCHEDULING THE TIME FOR THE CASE MANAGEMENT CONFERENCE AND CONVERTING THE HEARING TO A TELEPHONIC CASE MANAGEMENT CONFERENCE: The matter is rescheduled to the following time due to one or more parties requesting to appear telephonically at the hearing. Defendant shall provide the Court and all other parties a conference line and applicable access code to use during the hearing no later than three court days prior to the case management conference by way of email to the Court |

| | | |
|---|---|---|
| | | (vccrd@cand.uscourts.gov) with a cc to opposing counsel.<br><br>Telephonic Initial Case Management Conference set for 3/11/2020 10:30 AM. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (knm, COURT STAFF) (Filed on 2/25/2020) (Entered: 02/25/2020) |
| 03/03/2020 | 14 | JOINT CASE MANAGEMENT STATEMENT filed by Menzies Aviation, Inc.. (Abarbanel, Sara) (Filed on 3/3/2020) (Entered: 03/03/2020) |
| 03/11/2020 | 15 | Certificate of Interested Entities by Renaldo Navarro (Uriarte, Arlo) (Filed on 3/11/2020) (Entered: 03/11/2020) |
| 03/11/2020 | 16 | **Minute Entry for proceedings held before Judge Vince Chhabria: Telephonic Initial Case Management Conference held on 3/11/2020.**<br><br>**Parties agree to participate in private ADR. The deadline to complete private ADR is 7/1/2020. Parties are ordered to file an ADR stipulation within 7 days of today's date.**<br><br>**Case Schedule:**<br>**Last day to amend pleadings due by 5/11/2020.**<br>**Close of Fact Discovery due by 8/14/2020.**<br>**Designation of Experts due by 10/8/2020.**<br>**Rebuttal Reports due by 10/15/2020.**<br>**Close of Expert Discovery due by 10/30/2020.**<br>**Last day to hear Dispositive Motion Hearing set for 10/1/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor before Judge Vince Chhabria.**<br>**Final Pretrial Conference set for 11/30/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor.**<br>**Jury Trial set for 12/7/2020 08:30 AM in San Francisco, Courtroom 04, 17th Floor before Judge Vince Chhabria.**<br><br>**Case Management Statement due by 7/8/2020.**<br>**Further Case Management Conference set for 7/15/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor.**<br><br>**Total Time in Court: 6 minutes.**<br>**Court Reporter: Hearing not reported or recorded.**<br>**Plaintiff Attorney: Arlo Uriarte.**<br>**Defendant Attorney: Christopher Ward.**<br><br>***(This is a text−only entry generated by the court. There is no document associated with this entry.)* (knm, COURT STAFF) (Date Filed: 3/11/2020) (Entered: 03/11/2020)** |
| 03/23/2020 | 17 | STIPULATION and Proposed Order selecting Private ADR by Menzies Aviation, Inc. *and Renaldo Navarro (Joint Stipulation)* filed by Menzies Aviation, Inc.. (Abarbanel, Sara) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/24/2020 | 18 | **ORDER by Judge Vince Chhabria granting 17 Stipulation selecting Private ADR. (vclc1S, COURT STAFF) (Filed on 3/24/2020) (Entered: 03/24/2020)** |
| 07/06/2020 | 19 | CLERK'S NOTICE PROVIDING ZOOM ACCESS INFORMATION RE Further Case Management Conference set for 7/15/2020 10:00 AM.<br><br>For Zoom connection, see: https://apps.cand.uscourts.gov/telhrg/<br><br>This proceeding will be a Zoom video conferencing webinar. ADVANCE REGISTRATION OF PARTICIPATING COUNSEL IS REQUIRED and must be done by emailing a list of names and emails of counsel who will be participating in the hearing to vccrd@cand.uscourts.gov by no later than Monday, July 13, 2020, at 10:00 a.m..<br><br>PLEASE NOTE: Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. See General Order 58 at Paragraph III. |

| | | |
|---|---|---|
| | | Case participants may also receive an email invitation from the court with different information which should be followed.<br><br>All counsel, members of the public and press please click the link or use the information below to join the webinar:<br><br>https://cand−uscourts.zoomgov.com/j/1612857657?pwd=WE5Gcm1zS293WU84V0tyd0c2Ulp1UT09<br><br>Meeting ID: 161 285 7657<br>Password: 547298<br><br>Dial by your location<br>+1 929 205 6099 US (New York)<br>+1 253 215 8782 US<br>+1 301 715 8592 US<br>+1 312 626 6799 US (Chicago)<br>+1 346 248 7799 US (Houston)<br>+1 669 900 6833 US (San Jose)<br>Find your local number: https://zoom.us/u/ac4JkPfcjo<br><br>For important information and guidance on technical preparation, please see https://www.cand.uscourts.gov/zoom/.<br><br>Further Case Management Conference set for 7/15/2020 10:00 AM.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)*(knm, COURT STAFF) (Filed on 7/6/2020) (Entered: 07/06/2020) |
| 07/07/2020 | 20 | JOINT CASE MANAGEMENT STATEMENT filed by Renaldo Navarro. (Uriarte, Arlo) (Filed on 7/7/2020) (Entered: 07/07/2020) |
| 07/15/2020 | 21 | **Minute Entry for proceedings held before Judge Vince Chhabria: Further Case Management Conference held via Zoom Webinar on 7/15/2020.**<br><br>CASE REFERRED to a randomly assigned Magistrate Judge for Discovery.<br><br>The pretrial conference scheduled for 11/30/2020, and the trial set for 12/7/2020, are vacated.<br><br>Last day to hear Dispositive Motion Hearing is extended to 11/5/2020, 10:00 AM, before Judge Vince Chhabria.<br><br>Case Management Statement due by 9/9/2020.<br>Further Case Management Conference set for 9/16/2020, 10:00 AM.<br><br>Total Time in Court: 6 minutes.<br>Court Reporter: Hearing recorded via Zoom Webinar: 10:42 − 10:48.<br>Plaintiff Attorney: Arlo Uriarte.<br>Defendant Attorney: Christopher Ward.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (knm, COURT STAFF) (Date Filed: 7/15/2020) (Entered: 07/20/2020) |
| 07/20/2020 | | CASE REFERRED to Magistrate Judge Sallie Kim for Discovery (ahm, COURT STAFF) (Filed on 7/20/2020) (Entered: 07/20/2020) |
| 07/21/2020 | 22 | **NOTICE OF REFERRAL FOR DISCOVERY. Signed by Magistrate Judge Sallie Kim on 7/21/2020. (mklS, COURT STAFF) (Filed on 7/21/2020) (Entered: 07/21/2020)** |
| 08/29/2020 | 23 | CLERK'S NOTICE RESCHEDULING THE CASE MANAGEMENT CONFERENCE, PROVIDING ZOOM ACCESS, AND REQUIRING ADVANCE REGISTRATION.<br><br>Further Case Management Conference set for 9/22/2020, 02:00 PM. This proceeding will be held via a Zoom webinar. |

| | | |
|---|---|---|
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vc<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vccrd@cand.uscourts.gov no later than Thursday, September 17, 2020, at 10:00 a.m.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Further Case Management Co nference set for 9/22/2020, 02:00 PM.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)*(knm, COURT STAFF) (Filed on 8/29/2020) (Entered: 08/29/2020) |
| 09/16/2020 | 24 | JOINT CASE MANAGEMENT STATEMENT filed by Renaldo Navarro. (Uriarte, Arlo) (Filed on 9/16/2020) Modified on 9/17/2020 (gbaS, COURT STAFF). (Entered: 09/16/2020) |
| 09/22/2020 | 25 | **Minute Entry for proceedings held before Judge Vince Chhabria: Further Case Management Conference held via Zoom on 9/22/2020.**<br><br>Most discovery is complete. The parties confirm the date of 11/5/2020 as the last day to hear dispositive motions.<br><br>Case Management Statement due by 12/1/2020.<br>Further Case Management Conference set for 12/8/2020, 02:00 PM. This proceeding will be held via a Zoom webinar.<br><br>Total Time in Court: 2 minutes.<br>Court Reporter: Hearing recorded via Zoom Webinar: 2:44 − 2:46.<br>Plaintiff Attorney: Arlo Uriarte.<br>Defendant Attorney: Christopher Ward.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vc<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vccrd@cand.uscourts.gov no later than Thursday, December 3, 2020, at 10:00 a.m.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>**Case Management Statement due by 12/1/2020.**<br>**Further Case Management Conference set for 12/8/2020, 02:00 PM.**<br><br>*(This is a text−only entry generated by the court. The re is no document associated with this entry.)*<br>(knm, COURT STAFF) (Date Filed: 9/22/2020) (Entered: 09/23/2020) |
| 10/02/2020 | 26 | STIPULATION with Proposed Order to Continue Dispositive Motion Hearing to Nov 19,2020 filed by Menzies Aviation, Inc.. (Ward, Christopher) (Filed on 10/2/2020) Modified on 10/6/2020 (gbaS, COURT STAFF). (Entered: 10/02/2020) |
| 10/09/2020 | 27 | **Order by Judge Vince Chhabria granting 26 Motion to Continue Dispositive Motion Date to November 19, 2020.(vclc1S, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020)** |

| 10/14/2020 | | Reset Hearing re 27 Order on Motion to Continue: Motion Hearing set for 11/19/2020 10:00 AM by Videoconference Only before Judge Vince Chhabria. (knm, COURT STAFF) (Filed on 10/14/2020) (Entered: 10/14/2020) |
|---|---|---|
| 10/15/2020 | 28 | MOTION for Summary Judgment filed by Menzies Aviation, Inc.. Motion Hearing set for 11/19/2020 10:00 AM in San Francisco, Courtroom 04, 17th Floor before Judge Vince Chhabria. Responses due by 10/29/2020. Replies due by 11/5/2020. (Attachments: # 1 Appendix Appendix + Exhibits, # 2 Proposed Order)(Ward, Christopher) (Filed on 10/15/2020) (Entered: 10/15/2020) |
| 10/26/2020 | 29 | STIPULATION WITH PROPOSED ORDER to Continue Plaintiff's Deadline to File Opposition to Defendant's 28 MOTION for Summary Judgment filed by Renaldo Navarro. (Uriarte, Arlo) (Filed on 10/26/2020) Modified on 10/26/2020 (gbaS, COURT STAFF). (Entered: 10/26/2020) |
| 10/27/2020 | 30 | **Order by Judge Vince Chhabria granting 29 Stipulation to Continue Plaintiff's Deadline to File Opposition to Defendant's Motion for Summary Judgment. The hearing on the motion for summary judgment remains set for 11/19/2020.(vclc1S, COURT STAFF) (Filed on 10/27/2020) (Entered: 10/27/2020)** |
| 10/27/2020 | | Set/Reset Deadlines as to 28 MOTION for Summary Judgment. Responses due by 11/2/2020. Replies due by 11/5/2020. (gbaS, COURT STAFF) (Filed on 10/27/2020) (Entered: 10/27/2020) |
| 11/02/2020 | 31 | OPPOSITION/RESPONSE (re 28 MOTION for Summary Judgment ) filed byRenaldo Navarro. (Attachments: # 1 Appendix, # 2 Declaration Exhibit 30 − Declaration of Arlo Uriarte, # 3 Declaration Exhibit 31 − Declaration of Plaintiff Renaldo Navarro Plaintiff, # 4 Declaration Exhibit 32 − Declaration of Rafael Vazquez, # 5 Declaration Exhibit 33 − Declaration of Jezen B. Canlas, # 6 Declaration Exhibit 34 − Declaration of July Macapagal, # 7 Declaration Exhibit 35 − Declaration of Modesto Compas, # 8 Declaration Exhibit 36 − Marc Ilagan, # 9 Exhibit Exhibit 37 − Excerpts from Plaintiff Renaldo Navarro's Deposition Transcript, # 10 Exhibit Exhibit 38 − Changes to Deposition Transcript of Plaintiff Renaldo Navarro, # 11 Exhibit Exhibit 39 − Excerpts from Andrew Dodge's Deposition Transcript, # 12 Exhibit Exhibit 40 − Excerpts from Raul Vargas Deposition Transcript, # 13 Exhibit Exhibit 41 − Excerpts from John Qualley's Deposition Transcript, # 14 Exhibit Exhibit 42 − Pictures of Andrew Dodge Sleeping, # 15 Exhibit Exhibit 43 − Excerpts from Plaintiff Renaldo Navarro's Personnel File)(Uriarte, Arlo) (Filed on 11/2/2020) (Entered: 11/02/2020) |
| 11/02/2020 | 32 | Appendix of Supporting Evidence (re 28 MOTION for Summary Judgment) filed by Renaldo Navarro. (Uriarte, Arlo) (Filed on 11/2/2020) Modified on 11/3/2020 (gbaS, COURT STAFF). (Entered: 11/02/2020) |
| 11/03/2020 | 33 | EXHIBITS re 31 Opposition/Response to Motion,,,, *Missing Exhibit 40 − Excerpts from the Deposition Transcript of Tracy Aguilera* filed byRenaldo Navarro. (Related document(s) 31 ) (Uriarte, Arlo) (Filed on 11/3/2020) (Entered: 11/03/2020) |
| 11/05/2020 | 34 | REPLY (re 28 MOTION for Summary Judgment ) filed byMenzies Aviation, Inc.. (Attachments: # 1 Appendix Supplemental Appendix of Evidence)(Ward, Christopher) (Filed on 11/5/2020) (Entered: 11/05/2020) |
| 11/12/2020 | 35 | CLERK'S NOTICE RESCHEDULING THE FURTHER CASE MANAGEMENT CONFERENCE AND MOTION HEARING RE 28 MOTION for Summary Judgment . <br><br> Motion Hearing set for 12/10/2020, 10:00 AM, by Videoconference Only before Judge Vince Chhabria. <br> Case Management Statement due by 12/29/2020. <br> Further Case Management Conference set for 1/5/2021, 02:00 PM, by Videoconference Only. <br> These proceedings will be held via a Zoom webinar. <br><br> **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vc <br><br> **Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vccrd@cand.uscourts.gov not less than 3 court days prior to the hearings. <br><br> **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |

| | | Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/. |
|---|---|---|
| | | *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (knmS, COURT STAFF) (Filed on 11/12/2020) (Entered: 11/12/2020) |
| 11/17/2020 | 36 | **ORDER TO RE−FILE EXHIBITS AND DECLARATIONS. Signed by Judge Vince Chhabria on 11/17/2020. (vclc1S, COURT STAFF) (Filed on 11/17/2020) (Entered: 11/17/2020)** |
| 11/18/2020 | 37 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 38 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 11)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 39 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 12−b)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/19/2020 | 40 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 12−A)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 41 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 13, # 2 Exhibit 14)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 42 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 15)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 43 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 16)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 44 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 16−b)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 45 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 17−a)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 46 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 17−b)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 47 | EXHIBITS re 28 MOTION for Summary Judgment filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 18, # 2 Exhibit 19, # 3 Exhibit 20, # 4 Exhibit 21, # 5 Exhibit 22, # 6 Exhibit 23, # 7 Exhibit 24, # 8 Exhibit 25, # 9 Exhibit 26, # 10 Exhibit 27, # 11 Exhibit 28, # 12 Exhibit 29)(Related document(s) 28 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/19/2020 | 48 | EXHIBITS re 34 Reply to Opposition/Response filed byMenzies Aviation, Inc.. (Attachments: # 1 Exhibit 45, # 2 Exhibit 46, # 3 Exhibit 47, # 4 Exhibit 48, # 5 Exhibit 49, # 6 Exhibit 50, # 7 Exhibit 51, # 8 Exhibit 52)(Related document(s) 34 ) (Ward, Christopher) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 12/02/2020 | 49 | NOTICE of Appearance by Elizabeth Lee Lyons (Lyons, Elizabeth) (Filed on 12/2/2020) (Entered: 12/02/2020) |
| 12/09/2020 | 50 | ORDER REGARDING HEARING SCHEDULED FOR 12/10/2020 RE 35 . The hearing on the motion for summary judgment is continued to 12/17/2020 at 10:00 a.m. *This is a text only order. There is no document associated with this notice.* Modified on 12/9/2020 (knmS, COURT STAFF). (Entered: 12/09/2020) |
| 12/09/2020 | 51 | CLERK'S NOTICE PROVIDING ZOOM ACCESS AND REQUIRING ADVANCE REGISTRATION FOR HEARING ON 12/17/2020 RE 28 MOTION for Summary Judgment . |

| | | |
|---|---|---|
| | | Motion Hearing set for 12/17/2020, 10:00 AM, by Videoconference Only before Judge Vince Chhabria. This proceeding will be held via a Zoom webinar. |
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.usco urts.gov/vc |
| | | **Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vccrd@cand.uscourts.gov no later than Monday, December 14, 2020, at 10:00 a.m. |
| | | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://ww w.cand.uscourts.gov/zoom/. |
| | | *(This is a text−only entry generated by the court. There is no document associated with this entry.)*(knmS, COURT STAFF) (Filed on 12/9/2020) (Entered: 12/09/2020) |
| 12/17/2020 | 53 | **Minute Entry for proceedings held before Judge Vince Chhabria: Motion Hearing held on 12/17/2020 re 28 MOTION for Summary Judgment filed by Menzies Aviation, Inc.**<br><br>The Court took the matter under submission after hearing oral argument from the parties.<br><br>Total Time in Court: 1 hour 9 minutes.<br>Court Reporter: Hearing recorded via Zoom: 10:26 − 11:35.<br>Plaintiff Attorney: Arlo Uriarte and Elizabeth Lyons.<br>Defendant Attorney: Christopher Ward.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (knmS, COURT STAFF) (Date Filed: 12/17/2020) (Entered: 12/23/2020) |
| 12/23/2020 | 52 | **ORDER TO SUPPLEMENT THE RECORD. Signed by Judge Vince Chhabria on 12/23/2020. (vclc1S, COURT STAFF) (Filed on 12/23/2020) (Entered: 12/23/2020)** |
| 12/28/2020 | 54 | Appendix re 28 MOTION for Summary Judgment , 52 Order *Supplementing The Record On Summary Judgment* filed byMenzies Aviation, Inc.. (Related document(s) 28 , 52 ) (Ward, Christopher) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/28/2020 | 55 | CLERK'S NOTICE RESCHEDULING THE CASE MANAGEMENT CONFERENCE, PROVIDING ZOOM ACCESS AND REQUIRING ADVANCE REGISTRATION.<br><br>Case Management Statement due by 1/26/2021.<br>Further Case Management Conference set for 2/2/2021, 02:00 PM, by Videoconference Only. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.c and.uscourts.gov/vc<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vccrd@cand.uscourts.gov no later than Thursday, January 28, 2021, by no later than 10:00 a.m.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (knmS, COURT STAFF) (Filed on 12/28/2020) (Entered: 12/28/2020) |

| 01/07/2021 | 56 | **ORDER FOR SUPPLEMENTAL BRIEFING re 28 MOTION for Summary Judgment filed by Menzies Aviation, Inc.. Signed by Judge Vince Chhabria on 1/7/2021. (vclc1S, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
|---|---|---|
| 01/07/2021 | 57 | CLERK'S NOTICE RESCHEDULING THE CASE MANAGEMENT CONFERENCE TO 2/3/2021, PROVIDING ZOOM ACCESS, AND REQUIRING ADVANCE REGISTRATION OF COUNSEL. <br><br>The Court's normal day and time for hearing Case Management Conferences will now be Wednesdays, at 2:00 p.m., PST, until further notice. <br><br>Case Management Statement due by 1/27/2021. <br>Further Case Management Conference set for 2/3/2021, 02:00 PM, by Videoconference Only. This proceeding will be held via a Zoom webinar. <br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/vc <br><br>**Court Appearances:** Advanced notice is requir ed of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at vccrd@cand.uscourts.gov no later than Thursday, January 28, 2021, by no later than 10:00 a.m. <br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. <br><br>*(This is a text−o nly entry generated by the court. There is no document associated with this entry.)*,. (knmS, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021) |
| 01/14/2021 | 58 | Supplemental Brief re 28 MOTION for Summary Judgment , 56 Order filed byMenzies Aviation, Inc.. (Related document(s) 28 , 56 ) (Ward, Christopher) (Filed on 1/14/2021) (Entered: 01/14/2021) |
| 01/19/2021 | 59 | AUDIO RECORDINGS ORDER (re: 53 Motion Hearing,, ), by Renaldo Navarro. Court will send to Nick Aguilar at arlo@liberationlawgroup.com a link to the files requested in this order. ( Filing fee $ 32, receipt number 0971−15461426). (Uriarte, Arlo) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/22/2021 | 60 | Supplemental Brief re 56 Order filed byRenaldo Navarro. (Attachments: # 1 Declaration of Arlo Uriarte, # 2 Exhibit 1 − Plaintiff's Initial Disclosures, # 3 Exhibit 2 − Plaintiff's Batestamp 000009, # 4 Exhibit 3 − Plaintiff's Responses to Defendant's Special Interrogatories, # 5 Exhibit 4 − Plaintiff's Request for Production of Documents, Set One, # 6 Exhibit 5 − Plaintiff's Special Interrogatories, Set One, # 7 Exhibit 6 − Transcript of the Deposition of Plaintiff, # 8 Exhibit 7 − Transcript of the Deposition of Andrew Dodge, # 9 Exhibit 8 − Transcript of the Deposition of John Qually, # 10 Exhibit 9 − Transcript of the Deposition of Tracy Aguilera, # 11 Exhibit 10 − Transcript of the Deposition of Raul Vargas)(Related document(s) 56 ) (Uriarte, Arlo) (Filed on 1/22/2021) (Entered: 01/22/2021) |
| 01/25/2021 | 61 | JOINT CASE MANAGEMENT STATEMENT filed by Renaldo Navarro. (Uriarte, Arlo) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/26/2021 | 62 | **The further case management conference previously set for 2/3/2021 is vacated.. Signed by Judge Vince Chhabria on 1/26/2021. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (vclc1S, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021)** |
| 02/08/2021 | 63 | **Order by Judge Vince Chhabria granting 28 Motion for Summary Judgment.(vclc1S, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/08/2021 | 64 | **JUDGMENT. Signed by Judge Vince Chhabria on 2/8/2021. (vclc1S, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/11/2021 | 65 | BILL OF COSTS by Menzies Aviation, Inc.. Objections due by 2/25/2021. (Attachments: # 1 Declaration Ward Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit)(Ward, Christopher) (Filed on 2/11/2021) (Entered: 02/11/2021) |

| 02/26/2021 | 66 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Renaldo Navarro. (Appeal fee of $505 receipt number 0971−15631246 paid.) (Attachments: # 1 Order, # 2 Judgment)(Uriarte, Arlo) (Filed on 2/26/2021) (Entered: 02/26/2021) |
| 03/01/2021 | 67 | USCA Case Number **21−15355** for 66 Notice of Appeal to the Ninth Circuit filed by Renaldo Navarro. (gbaS, COURT STAFF) (Filed on 3/1/2021) (Entered: 03/02/2021) |
| 03/22/2021 | 68 | CLERK'S NOTICE in Deficiency in Bill of Costs. (knmS, COURT STAFF) (Filed on 3/22/2021) (Entered: 03/22/2021) |