**FILED**

**NOT FOR PUBLICATION**

MAY 16 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENALDO NAVARRO,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>MENZIES AVIATION, INC., DBA Menzies,<br><br>　　　　　Defendant-Appellee. | No.　21-15355<br><br>D.C. No. 3:19-cv-08157-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted April 11, 2022[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and MORRIS,[***] District Judge.

　　In this diversity action, Renaldo Navarro alleges that his former employer,

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　[***]　The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Menzies Aviation, Inc. (Menzies), violated the California Fair Employment Housing Act (FEHA) and California public policy by terminating him based on his race and national origin and by retaliating against him for raising concerns about another fueling supervisor. He also alleges that his termination constituted intentional infliction of emotional distress (IIED). The district court granted summary judgment to Menzies. We affirm.

    1.    For the first time in his opposition to the motion for summary judgment, Navarro raised allegations that the fueling supervisor harassed Filipino fuelers and Menzies was aware of and disregarded such harassment. After considering supplemental briefing on whether to reopen discovery, the district court declined to reopen discovery and refused to consider the new allegations. The district court did not abuse its discretion by refusing to consider Navarro's new allegations. *See Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086–87 (9th Cir. 2019) ("[I]f the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." (quotations omitted) (quoting *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008))); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (rejecting factual averments raised for the first time in opposition to

summary judgment).  Nor did the district court abuse its discretion in refusing to reopen discovery.  Navarro failed to show that he diligently pursued discovery and that reopening discovery would have precluded summary judgment.  *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002).

2. The district court did not err in granting summary judgment to Menzies.  Navarro's FEHA discrimination claim fails because he did not show that a similarly situated individual was treated more favorably or that Menzies' reason for his termination—that Navarro harassed fuelers into signing a petition against another fueling supervisor—was pretextual.  *See Vasquez v. Cty. of L.A.*, 349 F.3d 634, 641–42 (9th Cir. 2003), *as amended* (Jan. 2, 2004).  Navarro's FEHA retaliation and wrongful termination against public policy claims fails for a similar reason—he failed to show that Menzies' non-retaliatory reason for his termination was pretextual.  Finally, Navarro's IIED claim fails because he failed to show that Menzies' conduct was extreme or outrageous.  *See Light v. Dep't of Parks & Recreation*, 221 Cal. Rptr. 3d 668, 689 (2017).

**AFFIRMED.**